**Orson GUYTON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 53855.**

Missouri Court of Appeals, Eastern District, Division One.

April 26, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 25, 1988.

Application to Transfer Denied July 26, 1988.

Holly G. Simons, Asst. Public Defender, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Jared Richard Cone, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals after the dismissal of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was found guilty of manslaughter and three counts of first-degree robbery and sentenced to four consecutive terms of 10 years' imprisonment. On direct appeal, we affirmed the robbery convictions and sentences and reversed and remanded for retrial on the manslaughter charge. *State v. Guyton*, 635 S.W.2d 353 (Mo.App.1982). Movant then pled guilty to the manslaughter charge and received a 10–year sentence to be served consecutively to the three terms of imprisonment on the robbery convictions.

Movant filed a pro se Rule 27.26 motion in which he alleged the robbery convictions subjected him to double jeopardy. He contended that because the jury was instructed on first degree (felony) murder, § 565.003, RSMo 1978, and found him not guilty of that offense, then he could not be convicted of robbery because the underlying felony of the murder charge was robbery. Counsel was appointed for movant, but no amended motion was filed.

The motion court granted the state's motion to dismiss. Although the court filed a memorandum of its action and wrote "sustained" on the state's motion, it entered no findings of fact or conclusions of law. On appeal, movant alleges the motion court erred in not making findings and conclusions. He directs our attention to Rule 27.26(i); *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978); and *Leady v. State*, 714 S.W.2d 221 (Mo.App.1986).

Rule 27.26(i) requires the motion court to "make findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." In *Fields*, the court stated, "A mere recital or statement that the motion, files and records conclusively show that movant is entitled to no relief will not constitute compliance with Rule 27.26(i). Nor will findings and conclusions be supplied by implication from the [motion] court's ruling. Specific findings and conclusions are contemplated and required." 572 S.W.2d at 483.

A literal reading of Rule 27.26(i) and *Fields* might indicate that there are no exceptions to the requirement that a motion court make findings of fact and conclu-

sions of law on all points. Courts have recognized exceptions, however. For example, where the issue confronting the motion court is one of law and not of fact, findings of fact are not required. *Williams v. State*, 744 S.W.2d 814, 817 (Mo.App.1987). There is no need to remand for findings and conclusions if the record allows this court to determine the correctness of the motion court's action. *Seltzer v. State*, 694 S.W.2d 778,779 (Mo. App.1985).

■ We believe the issue raised in movant's pro se motion, double jeopardy, can be resolved as a matter of law, and, therefore, findings of fact were not required. The gist of movant's claim is that because the felony underlying the murder charge was robbery and he was found not guilty of murder, then, *a fortiori*, the jury must have concluded he did not commit the offense of robbery; therefore, his convictions on the three first-degree robbery charges constitute a retrial on charges of which he was acquitted. Movant's assertion ignores the language of the verdict directing instruction on the felony murder count. The murder instruction clearly advised the jury that the underlying felony was the robbery of the homicide victim.[1] There were separate verdict directing instructions for the first-degree robbery counts, each of which involved victims other than the homicide victim.[2]

Movant's reliance on *Leady*, 714 S.W.2d 221, is misplaced. In *Leady*, we remanded to the motion court for findings of fact and conclusions of law on a contested factual issue. No such issue exists here. From the record it can be determined that movant's double jeopardy claim has no merit and, therefore, no findings were required of the motion court.

Movant also contends the motion court erred in dismissing his motion because

the record does not show the active participation of counsel as required by Rule 27.26(h) in that no amended motion was

**1.** The verdict directing instruction on the felony murder count is set out *in toto* in *Guyton*, 635 S.W.2d at 356 n. 1.

**2.** Contrary to movant's assertion in his motion, the fact that he was not being tried for the robbery of the homicide victim is of no conse-

filed and the record does not show that [movant] chose to stand on his *pro se* motion or that counsel ascertained whether all grounds known to [movant] were included.

■ The record in a Rule 27.26 proceeding should reflect the active participation of appointed counsel. *Hirsch v. State*, 698 S.W.2d 604, 605 (Mo.App.1985). Rule 27.-26(h) requires appointed counsel to ascertain from the movant

the facts supporting the grounds asserted in the motion and if those facts are not sufficiently stated in the motion, counsel shall file an amended motion. Counsel also shall ascertain ... whether [the movant] has included all grounds known to him as a basis for attacking the judgment and sentence and, if not, shall file an amended motion which also sufficiently alleges any additional grounds and the facts in support thereof.

■ A failure by counsel to amend a pro se motion is not per se grounds for reversal, however. *Eggers v. State*, 734 S.W.2d 300, 303 (Mo.App.1987). In *McAlester v. State*, 658 S.W.2d 90 (Mo.App.1983), and *Parcel v. State*, 637 S.W.2d 440 (Mo. App.1982), the western and southern districts, respectively, reversed and remanded so that appointed counsel could ascertain whether factual bases existed for the movants' claims and, if so, to amend the pro se motions to allege facts, which, if true, would provide relief. Because the merits of movant's allegation of double jeopardy can be determined as a matter of law, no ascertainment of a factual basis for his claim and no amendment of the motion to allege additional facts were necessary.

Regarding counsel's duty to ascertain whether all grounds known to movant were included in the pro se motion, we note this language from *Eggers:* "There is no claim of error that movant was aware of any

quence. *See State v. Phillips*, 299 S.W.2d 431, 437–38 (Mo.1957) (felony murder instruction proper even though the defendant was not charged with the underlying robbery). This long-standing principle is expressly recognized in MAI–CR 3d 313.06 Notes on Use 2(b).

additional grounds to be alleged in an amended motion or that appointed counsel failed to allege grounds which were available." 734 S.W.2d at 303. No such claim is presented to us, either. The only complaint movant refers to in his notice of appeal and its accompanying statement of the case is that his appointed counsel abandoned him after the dismissal of his motion.[3] In his brief on appeal he reveals no additional grounds for relief that he was aware of or that counsel might have ascertained. Under these circumstances, even if we assume the alleged inaction of counsel to be true, we see no harm to movant's attempt to gain post-conviction relief.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.

---

**Donald Lee TATE, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 53404.

Missouri Court of Appeals,
Eastern District,
Division One.

April 26, 1988.

---

**3.** New counsel was appointed to represent movant on appeal.