Timothy **HOLLOWAY**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. WD 40928.

Missouri Court of Appeals, Western District.

Jan. 31, 1989.

Gary William Smith, Sedalia, for appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., and CLARK and NUGENT, JJ.

NUGENT, Judge.

Movant Timothy Holloway appeals the denial, without an evidentiary hearing, of his Rule 24.035 motion for post-conviction relief. He claims that the trial court erred in overruling his motion without issuing findings of fact and conclusions of law. He is correct, and for that reason and the additional reason that the trial court erroneously denied movant a requested evidentiary hearing we must reverse and remand.

Movant pled guilty to two counts of second degree burglary, one count of stealing, and one count of possessing burglar's tools. The trial court found movant to be a prior and persistent offender and sentenced him to ten years' imprisonment on the possession count and fifteen years on each of the other three counts. All of the sentences were ordered to be served concurrently.

Following his guilty plea, movant filed a *pro se* motion to vacate his sentence under Missouri Supreme Court Rule 24.035. The motion alleged ineffective assistance of counsel in that at the time of his plea his lawyer failed to inform him that he could plead guilty to the principal offense charged and still challenge the persistent offender charge by contesting the constitutional validity of the two prior convictions upon which his status as a persistent offender depended. He alleged in his motion that he could have proven that the prior convictions were invalid for want of effective counsel but his attorney did not tell him of his right to do so.

The court appointed new counsel who reviewed the court file and movant's guilty plea transcript. Based on that review, counsel filed an affidavit stating that he "discovered nothing to indicate [his] client would be entitled to relief under Rule 24.035, and was aware of no basis for making an amendment to the pro se Motion for relief." Nevertheless, counsel requested an evidentiary hearing based on the issues raised in movant's *pro se* motion. The trial court dismissed the motion without an evidentiary hearing and without issuing findings of fact or conclusions of law. Its order said, "The court determines that, an amended motion having not been filed, a hearing should not be held. The Movant's 24.035 Motion is hereby overruled and denied." Nothing in the record or the order makes clear whether the court decided to overrule and deny movant Holloway's motion because he had not amended the motion or for some other reason.

Mr. Holloway contends that the trial court erred in not including findings of fact or conclusions of law in its decision. He asserts that the court's action violates Rule 24.035(i), which requires that a court hearing a Rule 24.035 motion "shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held, within thirty days of the submission of the case."

In this requirement Rule 24.035 is identical to its predecessor, Rule 27.26. Therefore, we look to the cases interpreting Rule 27.26 for guidance. Under Rule 27.26, the courts have repeatedly held that a failure to issue findings of fact and conclusions of law mandates reversal and remand. *Fields v. State*, 572 S.W.2d 477

(Mo.1978) (en banc); *Gill v. State,* 712 S.W.2d 732, 733 (Mo.App.1986); *Tammons v. State,* 686 S.W.2d 552, 553 (Mo.App. 1985). In *Fields* at 483 the court stated: "A mere recital or statement that the motion, files and records conclusively show that movant is entitled to no relief will not constitute compliance with Rule 27.26(i). Nor will findings and conclusions be supplied by implication from the trial court's ruling. Specific findings and conclusions are contemplated and required."

Despite this clear and unambiguous directive from the Supreme Court, the state argues that we need not reverse and remand in this case. In support of its claim, the state cites an Eastern District case, *Guyton v. State,* 752 S.W.2d 390, 392 (Mo. App.1988). There, as here, the trial court denied a motion for post-conviction relief without an evidentiary hearing and without issuing findings of fact or conclusions of law. Nevertheless, the Eastern District affirmed the judgment of the hearing court, holding that "where the issue ... is one of law and not of fact, findings of fact are not required. *Williams v. State,* 744 S.W.2d 814, 817 (Mo.App.1987). There is no need to remand for findings and conclusions if the record allows this court to determine the correctness of the motion court's action." 752 S.W.2d at 392.

The *Guyton* decision, which recognizes an exception to *Fields,* echoes an earlier decision by the same judge in *Williams v. State,* 744 S.W.2d 814, 817 (Mo.App.1987), which in turn relied upon *Newman v. State,* 703 S.W.2d 71, 72 (Mo.App.1985). In *Newman* the Southern District affirmed a dismissal of a Rule 27.26 motion because it was a successive motion in which movant had failed to show any reason that his alleged grounds for relief could not have been raised in his earlier motion. *Newman* looked to the specific requirements for stating a valid successive motion under Rule 27.26. It has little or no precedential value to a court reviewing either a ruling that failure to amend movant's original Rule 24.035 motion justifies denial of that motion or a ruling denying a motion without stated reasons.

■ Nor do the rulings in *Newman, Williams* or *Guyton* establish the right of the trial court to deny a Rule 24.035 motion in any event without rendering at least the conclusions of law upon which it bases its denial. A denial of a Rule 24.035 motion that is supported neither by factual findings nor legal explanation gives the appellate court nothing to review. *See Gill v. State, supra,* 712 S.W.2d at 733–34. The rule 24.035(j) specifically provides, "Appellate review of the trial court's action on the motion filed under the Rule 24.035 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." *See Futrell v. State,* 667 S.W.2d 404, 405 (Mo.1984) (en banc). Obviously, without findings or conclusions, that is, an exposition of the bases for the trial court's action, the trial court leaves the reviewing court in the dark as to the reason for the trial court's action and presents nothing of substance to review.

The Attorney General believes that this appeal presents only a question of law. He suggests that, inasmuch as Mr. Holloway admitted to his two prior convictions when he pled guilty, he has no basis for alleging that his counsel was ineffective in not advising him that he could challenge his prior offender status. Thus, the Attorney General says, movant's claim is refuted by the record and we can and should find as a matter of law that he is not entitled to relief even though the trial court failed to issue findings and conclusions.

■ The state's argument is patently flawed. Mr. Holloway's motion plainly alleged as fact that he could prove the constitutional invalidity of his two prior convictions. That allegation raised a factual question that was not and could not have been refuted by the record in movant's criminal case or in this case. Establishment or refutation of that allegation required an evidentiary hearing. The trial court summarily denied movant's motion for a hearing without explanation. If the trial court had afforded movant an evidentiary hearing at which movant proved facts that supported his assertion of the illegality of his prior convictions, the court would

have been required at the least to set aside Mr. Holloway's sentence as a persistent offender. That is all that he asked. If movant failed to prove the invalidity of his prior convictions, the court could then have found that fact, issued its findings and conclusions and denied movant's claim.

Thus, the trial court erred, first, in denying movant's request for an evidentiary hearing and, second, in denying movant's motion without issuing findings of fact and conclusions of law in accordance with Rule 24.035.

For the foregoing reasons, we reverse the judgment and remand the case to the trial court for further proceedings consistent with this opinion.

All concur.