James Allen JACKSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 55574.

Missouri Court of Appeals,
Eastern District,
Division One.

June 20, 1989.

Motion for Rehearing and/or Transfer
to Supreme Court Denied Aug. 1, 1989.

Joseph W. Downey, Holly G. Simons, St. Louis, for appellant.

William L. Webster, Atty. Gen., John Munson Morris, Elizabeth L. Ziegler, Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted, after a jury trial, of delivery of a Schedule I controlled substance, Phencyclidine (PCP), in violation of § 195.020, RSMo 1978, and sentenced to life imprisonment as a persistent offender pursuant to § 195.200.1(5), RSMo 1978. Movant's conviction and sentence were affirmed on appeal. *See State v. Jackson,* 731 S.W.2d 348 (Mo.App.1987).

Movant first asserts the motion court's findings of fact and conclusions of law are insufficient because the court failed to address all of the claims movant raised in his pro se and amended motions, specifically whether movant's conviction was consistent with the indictment, and whether movant was entrapped. Movant cites us to *Fields v. State,* 572 S.W.2d 477, 483 (Mo. banc 1978).

Movant filed a pro se Rule 27.26 motion alleging his conviction should be vacated on grounds of: (1) ineffective assistance of counsel; (2) two points stating movant's conviction was not for the crime for which he was indicated; (3) movant as a matter of law was entrapped; (4) movant was prejudiced by the admission of a tape recording which movant contended was inadmissible evidence; and (5) movant's sentence was illegally enhanced because the court applied the wrong statute.

Movant was appointed counsel, who filed an unverified amended motion, which incorporated by reference all allegations movant made in his pro se motion. The amended motion alleged: (1) movant's trial counsel was ineffective for failing to object to evidence that was beyond the scope of the indictment; (2) counsel was ineffective for failing to object to the State's opening statement as argumentative; (3) counsel was ineffective for failing to object to the introduction of the tape recordings because

they were illegally obtained and altered; (4) counsel was ineffective for failing to object to the sentencing of movant as a persistent offender; (5) movant's sentence was illegal because he was sentenced as a persistent offender, and movant contends this does not apply to violations of the drug regulations under Chapter 195 RSMo; and (6) movant's indictment was fatally defective because "the evidence introduced at trial went beyond the scope of the indictment."

The motion court granted movant an evidentiary hearing. At the evidentiary hearing, no testimony was presented. The only evidence movant's counsel presented was a stipulation movant had not listened to the tape recordings which were presented into evidence prior to trial, and movant was "not sure that ... his voice [on the tapes] was not altered." Counsel requested time to file a brief on the law, which the court granted; however, no brief was ever filed.

The trial court denied movant's motion. In its findings of fact, the court stated that at the evidentiary hearing, "[m]ovant submitted to the court ... the sole issue of movant's ineffective assistance of trial counsel: (1) in his failure to object to the introduction into evidence of [the tape recordings]; (2) his failure to object to the aforesaid tapes being played to the jury; and (3) his failure to afford [movant] at anytime prior to trial, an opportunity to hear the tapes to determine if it was, in fact, his voice on the tapes...." The court made specific conclusions of law as to these issues, finding counsel was not ineffective, and that movant's allegation the tapes were unlawfully obtained was refuted by the record.

 Movant's assertion we must reverse and remand for further findings of fact and conclusions of law is without merit. The motion court did not err in failing to make findings of fact and conclusions of law on the issues not mentioned by the court because movant did not present these issues at the evidentiary hearing. *Paynes v. State*, 752 S.W.2d 331, 333[1] (Mo.App. 1988). We are supported by the court's findings, which state ineffectiveness of

counsel was the sole issue submitted. However, further review reveals there is no need to remand for findings and conclusions because the issues presented by movant not included in the findings and conclusions are either questions of law which can be reviewed from the record (whether movant's sentence was illegally enhanced; whether his conviction was consistent with the indictment); *Guyton v. State*, 752 S.W.2d 390, 392[3] (Mo.App.1988), presented factual issues which were unsupported by any substantive evidence at the evidentiary hearing (movant's allegations of ineffective counsel); *Williams v. State*, 736 S.W.2d 509, 510[3] (Mo.App.1987), or were claims not cognizable in a Rule 27.26 proceeding because they were considered on direct appeal (allegation of entrapment). *Paynes v. State*, 752 S.W.2d at 333[2] (Mo.App.1988).

Movant finally asserts his trial counsel was ineffective for not playing the tape recorded conversations of movant to him prior to trial. Movant alleges counsel would have discovered movant's voice was altered and an adequate investigation would have revealed this.

 Movant's allegations are without merit. The trial court did not clearly err in finding movant failed to prove he was prejudiced by counsel's lack of investigation into whether movant's voice was altered. Movant failed to present any evidence, other than his own speculation, to show it was not his voice on the tapes or what incriminating statements on the tape were altered. *Mayo v. State*, 744 S.W.2d 837, 841 [7] (Mo.App.1988). Movant has failed to prove what, if any, specific information existed that investigation would have disclosed which would have aided his defense. *Perkins v. State*, 750 S.W.2d 594, 597[7] (Mo. App.1988).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.