**Jerry R. LINDSAY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 42262.**

Missouri Court of Appeals,
Western District.

June 12, 1990.

David S. Durbin, Public Defender, John L. Vohs, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and LOWENSTEIN and GAITAN, JJ.

TURNAGE, Presiding Judge.

Jerry R. Lindsay was found guilty of murder in the second degree by a jury and sentenced to 50 years in prison. That conviction was affirmed in *State v. Lindsay,* 709 S.W.2d 499 (Mo.App.1986). Lindsay filed a motion pursuant to Rule 27.26 (repealed January 1, 1988) seeking to have the judgment set aside. After an evidentiary hearing the court denied the motion. Lindsay contends the court failed to make findings of fact sufficient to allow this court to review the denial of the motion. Reversed and remanded.

At the evidentiary hearing on the motion, Lindsay testified to a number of grounds which he contended revealed that he had received ineffective assistance of counsel. Among other complaints, Lindsay testified that he made numerous requests that his attorney, from the beginning of his representation of Lindsay, file a motion to obtain a mental evaluation of Lindsay. Lindsay contended that he had suffered from mental problems in the past. Lindsay stated that his attorney lied to him on a number of occasions by telling him that a request for a mental examination had been made and that a judge had told the attorney that there was no use filing such a motion. Lindsay contended the motion to request an examination was not filed until the Friday before the trial, which was to commence the following Monday.

Lindsay's trial attorney denied that Lindsay had requested a mental examination prior to the time an examination was requested on the Friday before trial commenced.

Lindsay testified that the trial court ordered that the trial would continue for ten to fourteen hours per day because the jury was sequestered and the longer days would reduce the time the jury was required to be absent from their homes. Lindsay testified

that a number of jurors were sleeping through the trial and that he continually urged his attorney to draw this to the court's attention. His attorney testified that he did not see any jurors sleeping and did not recall Lindsay calling this matter to his attention.

There were other matters on which the testimony of Lindsay and his attorney were in direct conflict. The court entered a judgment denying the motion. The judgment in essence stated that there was "absolutely nothing in the trial transcript or evidence presented on this motion to support movant's contintions [sic]." Lindsay contends the court failed to make findings of fact adequate for this court to review the action of the trial court in denying the motion.

Rule 27.26(i) requires the court to make findings of fact and conclusions of law on all issues presented. In *Fields v. State,* 572 S.W.2d 477, 483[2, 3] (Mo. banc 1978), the court held that a statement that the motion, files and records show that movant is entitled to no relief does not constitute the findings of fact required by the rule. The court stated that findings and conclusions will not be supplied by implication from the court's ruling but that specific findings and conclusions are required. In *Logan v. State,* 712 S.W.2d 9, 11[5] (Mo. App.1986), this court held that a judgment which stated that there was no ineffective assistance of counsel, that counsel did everything possible, and that counsel adequately represented movant was insufficient to comply with the requirement that the court make findings of fact.

Here the cursory judgment fails to afford this court any basis for meaningful review. The judgment failed to resolve the factual disputes in the evidence. Under *Fields* this court is not allowed to imply findings from the judgment. Thus, this court is required to rely on the findings of fact entered by the trial court in order to review the judgment. Here the record reveals numerous conflicts in the evidence between Lindsay and his trial counsel. Without findings of fact it is impossible to determine how the trial court resolved those differences.

The State relies upon *Jackson v. State,* 775 S.W.2d 527 (Mo.App.1989), for the position that findings of fact are not necessary when the only question is a question of law which can be reviewed from the record or factual issues unsupported by any substantive evidence at the evidentiary hearing. In *Jackson* the movant presented no evidence except a stipulation.

In this case both the movant and his trial counsel testified which resulted in sharp differences on a number of factual issues. This is a far cry from the situation in *Jackson* which presented no factual dispute and questions of law which could be resolved by an examination of the record.

Rule 27.26(i) and *Fields* require the court to enter findings of fact and conclusions of law sufficient for this court to make a meaningful review of the judgment. The court failed to make findings of fact that resolve the numerous factual disputes, therefore, this court is unable to review the judgment.

The judgment is reversed and this cause is remanded for the entry of findings of fact and conclusions of law as required by Rule 27.26(i) and *Fields.*

All concur.