**Charles P. CRINER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 42521.**

Missouri Court of Appeals,
Western District.

June 19, 1990.

William J. Swift, Columbia, for appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

Before MANFORD, P.J., and KENNEDY and ULRICH, JJ.

PER CURIAM:

Charles P. Criner appeals from the denial of his Rule 24.035 postconviction relief motion. He pleaded guilty to first degree murder and, on April 15, 1988, was sentenced to life in prison without the possibility of probation or parole (§ 565.020, RSMo 1986).

Movant filed a pro se postconviction motion pursuant to Rule 24.035 on June 29, 1988. The pro se motion alleged ten claims, including ineffective assistance of counsel and trial court error during the guilty plea hearing. On October 27, 1988,

counsel was appointed to represent Mr. Criner. A verified amended motion was filed February 6, 1989. The amended motion reorganized the points expressed in the pro se motion.

The motion court conducted a hearing on June 19, 1989. Mr. Criner and both of his trial attorneys testified. Mr. Criner's testimony conflicted with both of his trial attorneys' testimony.

The motion court issued its order denying Mr. Criner's motion September 5, 1989. The court's findings were as follows:

1. That on April 15, 1988 Movant entered a plea of guilty to the charge of murder in the first degree, Section 565.020.1, RSMo., and was sentenced to life in prison without probation or parole;

2. That the sentencing court had jurisdiction to render the judgment;

3. That the sentence imposed was legal;

4. That the plea of guilty was made freely, voluntarily, knowingly and intelligently by Movant;

5. That Movant received effective assistance of counsel throughout every phase of his case;

6. That there was no denial or infringement of the rights of Movant as guaranteed by the Constitution of the United States or the Constitution of Missouri.

Mr. Criner presents two points of alleged error on appeal. He contends that the motion court erred in failing to enter specific findings of fact and conclusions of law as to each particular allegation of his motion. Because this point is dispositive of the appeal, it only is addressed. *Gill v. State,* 712 S.W.2d 732, 733 (Mo.App.1986).

Rule 24.035(i) requires that the motion court enter findings of fact and conclusions of law. Rule 24.035 is identical to its predecessor Rule 27.26 in this requirement, and, therefore, the cases interpreting Rule 27.26 provide guidance. *Holloway v. State,* 764 S.W.2d 163, 164 (Mo.App.1989). One purpose of the requirement compelling the motion court to make findings has been to facilitate meaningful appellate review. *Rolfes v. State,* 574 S.W.2d 948, 949 (Mo.App.1978). While the findings of fact and conclusions of law need not be specifically itemized, they must be responsive to the movant's claims and allow for meaningful appellate review to determine whether they are clearly erroneous. *Brown v. State,* 755 S.W.2d 414, 415 (Mo.App.1988); Rule 24.035(j).

The "findings" in this case are conclusions of law from which the necessary findings of fact must be implied. *Mikel v. State,* 528 S.W.2d 796, 798 (Mo.App.1975). Appellate courts will not supply the necessary findings of fact by implication; to do so would improperly constitute a de novo review. *Logan v. State,* 712 S.W.2d 9, 11 (Mo.App.1986). This court is unable to determine from the findings and conclusions in this case whether they are clearly erroneous.

The judgment is reversed and the case remanded for the entry of findings and conclusions that comply with Rule 24.035(i).