**Talmadge E. BROWN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 43915.**

Missouri Court of Appeals,
Western District.

June 18, 1991.

Robert L. Fleming, Office of State Public Defender, Columbia, for appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and ULRICH and BRECKENRIDGE, JJ.

PER CURIAM.

Talmadge Brown appeals the denial, without an evidentiary hearing, of his Rule 24.035 motion for post-conviction relief. He asserts his entitlement to specific findings of fact and conclusions of law.

Judgment reversed and remanded with directions.

Appellant was originally charged with two counts felony sale of a controlled substance in separately filed cases. On May 15, 1989, appellant appeared on these

charges with his attorney, Willard Bunch. Pursuant to a plea agreement, appellant withdrew prior pleas of not guilty and entered pleas of guilty. After examination of defendant, the court accepted the pleas, ordered a presentence investigation and continued the case for sentencing. Subsequently, Willard Bunch withdrew as appellant's counsel of record and Ken Dake filed an entry of appearance on behalf of appellant.

On January 19, 1990, appellant appeared in court with attorney Barbara Teeple, an associate of Mr. Dake. Pursuant to a new plea bargain and with permission of the court, appellant withdrew his pleas of guilty to the two charges of felony sale of controlled substance. The state filed an amended charge in CR688–902F of class C felony of possession of cocaine, a schedule II controlled substance, and in CR688–903F of class C felony of possession of methamphetamine, a schedule II controlled substance. Appellant pleaded guilty to the amended charges. At this hearing on January 19, 1990, the trial court sentenced appellant as a class X offender to two concurrent three-year terms of imprisonment.

Appellant instituted post-conviction proceedings by filing his *pro se* Rule 24.035 motion on March 15, 1990. On appellant's behalf, appointed motion counsel filed a timely, verified amended motion and a timely request for an evidentiary hearing.[1] Grounds for relief raised in the amended motion included inadequate factual basis for the guilty plea, inadequate evidence on class X offender status, prosecutorial misconduct, and eight claims of ineffective assistance of trial counsel.

The motion court held a hearing on the state's motion to dismiss the amended motion and on appellant's request for an evidentiary hearing, then denied both. Ruling that no evidentiary hearing would be held, the court found that "the files and records of this case conclusively show that movant

is entitled to no relief." Appellant filed a motion to reconsider the denial of evidentiary hearing and asked the court to enter specific findings of fact and conclusions of law on the allegations raised in his amended motion. The court overruled appellant's Rule 24.035 motion, issuing the following docket entry:

> Comes now the Court this date and takes up the Motion for Reconsideration of Order and enters the following: The Court finds that the motion, files and record of the case conclusively show that movant is entitled to no relief. Motion is, therefore, denied.

Appellant argues that the motion court clearly erred in entering inadequate findings of facts and conclusions of law on the grounds for relief raised in his amended Rule 24.035 motion. In support, appellant maintains that the docket entry lacked the requisite specificity to permit meaningful appellate review. The state counters, insisting that the generalized findings were appropriate because appellant's substantive claims were refuted by the record.

This court accepts appellant's argument. Rule 24.035(i) provides in pertinent part:

> The court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held. . . .

The directives of Rule 24.035(i), its companion Rule 29.15(i), and its predecessor Rule 27.26(i) are clear and unambiguous; the requirements are not a mere formality. *Stewart v. State*, 771 S.W.2d 886, 887 (Mo. App.1989); *Holloway v. State*, 764 S.W.2d 163, 165 (Mo.App.1989). A mere statement that the motion, files, and records conclusively show no entitlement to post-conviction relief fails to constitute the requisite findings contemplated by the rule. *Fields v. State*, 572 S.W.2d 477, 483 (Mo. banc 1978); *Lindsay v. State*, 790 S.W.2d 521, 522 (Mo.App.1990). Meaningful appellate review is premised upon sufficiently specific findings of fact and conclusions of law which are responsive to the movant's claims. *Criner v. State*, 790 S.W.2d 524,

---

1. The respondent objected to the trial court ruling on the motion for continuance while a motion for change of judge was pending. Respondent argued that the continuance was not prop-

erly granted and, therefore, the amended motion was not timely filed. Respondent did not raise this issue on appeal.

525 (Mo.App.1990). Under Rule 24.035(j), appellate review is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. A denial of a post-conviction motion supported neither by factual findings nor by legal explanation provides nothing for appellate review. *Holloway*, 764 S.W.2d at 165. Supplying the necessary findings and conclusions by implication would constitute an improper *de novo* review on appeal. *Criner*, 790 S.W.2d at 525. Failure to issue findings and conclusions as contemplated by Rule 24.035(i) mandates reversal and remand. *Holloway*, 764 S.W.2d at 164.

■ Here, the motion court, in its docket entry denying post-conviction relief, made no reference to the grounds raised in appellant's amended motion. Its notation that the motion, files, and record conclusively showed appellant to be entitled to no relief failed to address any issue presented. The motion court's failure to comply with Rule 24.035(i) by supplying sufficiently specific findings of fact and conclusions of law renders meaningful appellate review impossible.

Accordingly, the judgment is reversed and remanded with directions that the motion court examine the grounds presented in appellant's amended Rule 24.035 motion, issue findings of fact and conclusions of law thereon, and grant any other appropriate relief.