Bill Wayne GREEN, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 19577.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 21, 1995.

Judith C. LaRose, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

Bill Wayne Green (movant) appeals the denial of a Rule 24.035 motion he filed after pleading guilty to murder in the second degree, § 565.021.1(1),[1] and armed criminal action, § 571.015.1. He contends the motion court erred in denying his Rule 24.035 motion because it failed to enter written findings of fact and conclusions of law as re-

---

1. References to statutes are to RSMo 1986.

quired by Rule 24.035(i), and failed to find that he received ineffective assistance of trial counsel. This court affirms.

Movant's first point on appeal is directed to the findings of fact and conclusions of law of the motion court. They appear as a docket entry. Movant contends this is not sufficient. He claims "the motion court did not enter any findings of fact or conclusions of law but, rather, overruled appellant's motion by docket entry, and has left nothing for this court to review."

Movant relies on *Holloway v. State*, 764 S.W.2d 163 (Mo.App.1989). In *Holloway*, counsel was appointed following the filing of a *pro se* Rule 24.035 motion. The attorney filed an affidavit that stated he "discovered nothing to indicate [his] client would be entitled to relief under Rule 24.035, and was aware of no basis for making an amendment to the pro se Motion for relief." *Id.* at 164. The motion court refused to grant relief stating, "The court determines that, an amended motion having not been filed, a hearing should not be held. The Movant's 24.035 Motion is hereby overruled and denied." *Id.*

On appeal, the Western District of this court observed, "Nothing in the record or the order makes clear whether the court decided to overrule and deny movant Holloway's motion because he had not amended the motion or for some other reason." *Id.* It remanded the case for the motion court to make findings of facts and conclusions of law as required by Rule 24.035(i).

*Brown v. State*, 810 S.W.2d 716 (Mo.App. 1991), and *Rogers v. State*, 810 S.W.2d 125 (Mo.App.1991), are similar to *Holloway*. Both cases were dismissed by docket entries. In *Brown*, the motion court's docket entry denying the Rule 24.035 motion made no reference to grounds for relief set forth in the motion. It declared only that the motion,

files, and record conclusively showed Brown was not entitled to relief. 810 S.W.2d at 717. The court held, "The motion court's failure to comply with Rule 24.035(i) by supplying sufficiently specific findings of fact and conclusions of law renders meaningful appellate review impossible." *Id.* at 718. The judgment was reversed and the case remanded for the motion court to examine the grounds presented in the motion and enter findings of fact and conclusions of law and make appropriate disposition.

In *Rogers*, a Rule 24.035 motion was dismissed by docket entry stating, "Court Reviews Record and finds no hearing required. Record shows that Motion is not to be Sustained and Court finds and orders Motion Dismissed Without Hearing." 810 S.W.2d at 125. This court held the record was not sufficient to permit adequate review. The case was reversed and remanded.

■ Here, unlike *Holloway*, *Brown*, and *Rogers*, the judgment states the reasons why the Rule 24.035 motion was denied. Although entered by means of a docket entry, the judgment includes findings of fact and conclusions of law that address the grounds for relief asserted by movant's motion. Findings of fact and conclusions of law need not follow a strict formula, nor be set out in a particular fashion. They are sufficient if, in whatever form they follow, they identify the reasons for the motion court's judgment sufficiently to enable meaningful appellate review. *Risalvato v. State*, 856 S.W.2d 370, 375 (Mo.App.1993); *Short v. State*, 771 S.W.2d 859, 865 (Mo.App.1989). All that is necessary is for the motion court to have responded to the issues raised in the motion. *Robertson v. State*, 851 S.W.2d 74, 76 (Mo. App.1993). These findings of fact and conclusions of law do so.[2] Point I is denied.

■ Movant's second point contends the trial court erred in not finding that he re-

2. In his reply brief, movant contends the docket entry is not a judgment because it is unsigned. Arguably, that issue is not before this court because it was first presented in the reply brief. *See Knopke v. Knopke*, 837 S.W.2d 907, 923 (Mo. App.1992). Nevertheless, at the time judgment

was entered in this case, lack of a signature on a judgment did not make the judgment invalid. *Schmidt v. Schmidt*, 617 S.W.2d 601, 603 (Mo. App.1981). *See*, however, Rule 74.01(a) that became effective January 1, 1995.

ceived ineffective assistance of trial counsel. Movant contends that his plea of guilty was involuntary because his decision to plead guilty was based on his trial attorney's assurance that he would receive a sentence of imprisonment for thirty years, whereas the sentences that were imposed were life imprisonment for the offense of murder in the second degree and imprisonment for a term of fifty years for armed criminal action. The sentences were ordered served consecutively.

Movant pleaded guilty pursuant to a negotiated plea agreement. During the guilty plea hearing, the terms of the agreement were clearly stated. Movant acknowledged the correctness of the agreement.

When a movant claims his plea was involuntary because he was misled by counsel, the test is whether movant's belief was reasonable. *Norris v. State,* 778 S.W.2d 823, 824[1] (Mo.App.1989). "While an individual may proclaim he had a certain belief and may subjectively believe it, if it was unreasonable for him to entertain such a belief at the time of the plea proceeding, relief should not be granted.... Where there is no reasonable basis for the belief in light of the guilty plea record, movant is not entitled to relief." *McMahon v. State,* 569 S.W.2d 753, 758 (Mo. banc 1978).

*Holt v. State,* 811 S.W.2d 827, 828–29 (Mo. App.1991).

The motion court found that the sentences imposed were in accordance with the terms of the negotiated plea agreement and that movant was aware of those terms. It found "no evidence whatsoever that [movant] received ineffective assistance of counsel." The findings are not clearly erroneous. Point II is denied. The judgment denying movant's Rule 24.035 motion is affirmed.

PREWITT and CROW, JJ., concur.