Lonnie R. GADDIS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 62212.

Missouri Court of Appeals,
Western District.

Dec. 9, 2003.

Ruth Sanders, Kansas City, MO, for appellant.

Charnette D. Douglass, Jefferson City, MO, for respondent.

Before BRECKENRIDGE, P.J., SMITH and HOWARD, JJ.

PATRICIA BRECKENRIDGE, Judge.

Lonnie R. Gaddis appeals the denial of his Rule 24.035 motion for post-conviction relief. Mr. Gaddis pled guilty to the class A felony of assault in the first degree, section 565.050, RSMo 2000,[1] and the class A felony of armed criminal action, section 571.015, and was sentenced to concurrent terms of twenty-five and fifteen years, respectively. He subsequently filed a post-conviction motion claiming that he received ineffective assistance of counsel and his conviction should be vacated. The motion was denied without an evidentiary hearing. On appeal of that denial, Mr. Gaddis claims that the motion court clearly erred in overruling his amended motion because it failed to make adequate findings of fact and conclusions of law, as required by Rule 24.035(j). Because the motion court's order is not in compliance with Rule 24.035(j), the judgment is reversed and the cause is remanded to the trial court with directions to make the required findings of fact and conclusions of law.

**Factual and Procedural Background**

Mr. Gaddis pled guilty to one count of assault in the first degree and one count of armed criminal action on September 22, 1993. He was sentenced to concurrent terms of twenty-five and fifteen years, respectively. Mr. Gaddis was not delivered to the Missouri Department of Corrections until June 4, 2001, when he completed serving a prior sentence in Kansas. After his delivery to the Department of Corrections, Mr. Gaddis timely filed a *pro se* motion to vacate, set aside, or correct his judgment and sentence, under Rule 24.035. His motion was subsequently amended by appointed counsel. In his amended mo-

---

1. All statutory references are to the Revised Statutes of Missouri 2000.

tion, Mr. Gaddis alleged that his plea counsel was ineffective when counsel assured him that he would receive a ten-year sentence on both charges, if he entered a guilty plea.

In response to the amended motion, the State filed a motion to dismiss, entitled "State's Motion to Dismiss Without a Hearing Movant's Amended Motion and Movant's Pro se Motion to Vacate, Set Aside, or Correct Judgment and Sentence." Without holding a hearing, the trial court entered the following order:

NOW on this 25 day of Sept, 2002, after a review of the pleadings on file and being fully advise [sic] in the premises, this Court adopts the State's Findings of Fact and Conclusions of Law and hereby overrules Movant's Motion to Reconsider, Correct, or Amend Judgment and is dismissed without a hearing.

**IT IS SO ORDERED**

Mr. Gaddis filed a Motion for Reconsideration, asking the court to reconsider and vacate its September 25, 2002, order and to conduct an evidentiary hearing. That motion advised the court that the State's motion to dismiss did not contain findings of fact or conclusions of law that could be adopted by the motion court.

Thereafter, the State filed an amended motion, entitled "State's Amended Motion to Dismiss without a Hearing Movant's Amended Motion and Movant's Pro se Motion to Vacate, Set Aside, or Correct Judgment and Sentence; *Findings of Fact, Conclusions of Law, and Order.*" (Emphasis on language added). In the body of the State's amended motion, it added headings identifying one portion of the original motion as "Findings of Fact" and another as "Conclusions of Law." Otherwise, the amended motion was identical to the original motion. The court then denied Mr. Gaddis' motion for reconsideration by stating:

Now on this 31st day of October 2002, the Court takes up Movant Lonnie R. Gaddis', October 1, 2002, Motion for Reconsideration and enters the following after being fully advised in all the pleadings and premises:

**IT IS HEREBY ORDERED** that Defendant Lonnie R. Gaddis' Motion for Reconsideration is **OVERRULED** under Supreme Court Rule 24.035 without a hearing and adopts the State's Findings of Fact and Conclusions of Law.

**IT IS SO ORDERED.**

Mr. Gaddis appeals.

### Standard of Review

 This court's review of the denial of a Rule 24.035 motion is limited to a determination of the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k). The motion court's findings and conclusions are clearly erroneous only "if, after a review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made." *Amrine v. State*, 785 S.W.2d 531, 533 (Mo. banc 1990).

### Findings of Fact and Conclusions of Law Are Insufficient

In his sole point on appeal, Mr. Gaddis challenges the adequacy of the motion court's findings of fact and conclusions of law, as required by Rule 24.035(j). He contends that neither the motion court's order of September 25, 2002, nor its order of October 31, 2002, complied with the requirements of Rule 24.035. Specifically, he asserts that the orders purport to adopt the State's findings of fact and conclusions of law, when the State had never submitted adequate proposed findings of fact and conclusions of law. He also claims that the orders adopting the State's two mo-

tions do not allow for meaningful review of the denial of his 24.035 motion.

The requirements for the findings of fact and conclusions of law in an order adjudicating a post-conviction motion are well articulated in *Brown v. State*, 810 S.W.2d 716, 717–18 (Mo.App.1991):

> The directives of Rule 24.035(i), its companion Rule 29.15(i), and its predecessor Rule 27.26(i) are clear and unambiguous; the requirements are not a mere formality. *Stewart v. State*, 771 S.W.2d 886, 887 (Mo.App.1989); *Holloway v. State*, 764 S.W.2d 163, 165 (Mo. App.1989). A mere statement that the motion, files, and records conclusively show no entitlement to post-conviction relief fails to constitute the requisite findings contemplated by the rule. *Fields v. State*, 572 S.W.2d 477, 483 (Mo. banc 1978); *Lindsay v. State*, 790 S.W.2d 521, 522 (Mo.App.1990). Meaningful appellate review is premised upon sufficiently specific findings of fact and conclusions of law which are responsive to the movant's claims. *Criner v. State*, 790 S.W.2d 524, 525 (Mo.App.1990). Under Rule 24.035(j), appellate review is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. A denial of a post-conviction motion supported neither by factual findings nor by legal explanation provides nothing for appellate review. *Holloway*, 764 S.W.2d at 165. Supplying the necessary findings and conclusions by implication would constitute an improper de novo review on appeal. *Criner*, 790 S.W.2d at 525. Failure to issue findings and conclusions as contemplated by Rule 24.035(i) mandates reversal and remand. *Holloway*, 764 S.W.2d at 164.[2]

■ Here, neither the September 25, 2002, order nor the October 31, 2002, order contain written findings of fact and conclusions of law. Instead, both orders include the language that the motion court "adopts the State's findings of Fact and Conclusions of Law." It is not error for a motion court to adopt all or part of a party's proposed findings or to adopt by reference the wording of a party's motion. *State v. White*, 873 S.W.2d 590, 600 (Mo. banc 1994). "As long as the court thoughtfully and carefully considers the parties' proposed findings and agrees with the content, there is no constitutional problem with the court adopting in whole or in part the findings of fact and conclusions of law drafted by one of the parties." *Id.* However, the motion court must clearly indicate that it is doing so, as well as take the necessary steps to do so. *See Garner v. State*, 62 S.W.3d 716, 719–20 (Mo.App. 2001).

■ The sufficiency of the motion court's September 25, 2002, order is considered first. That order purports to overrule a motion entitled "Motion to Reconsider, Correct, or Amend Judgment." The legal file does not contain a pleading with that caption. It appears that the motion court intended to rule on Mr. Gaddis' Amended Motion to Vacate, Set Aside, or Correct Judgment and Sentence, since that was his only motion before the court on that date. In addition to overruling Mr. Gaddis' post-conviction motion, the September 25, 2002, order purports to adopt the State's findings of fact and conclusions of law. The State, however, had not prepared proposed findings and conclusions. The only pleading filed by the State was its motion to dismiss. Obvious-

---

**2.** The applicable Rules were amended in 1996 such that the requirements for findings of fact and conclusions of law contained in subsec-

tion (i) are now located in subsection (j) of Rules 24.035 and 29.15.

ly, the motion court could not adopt proposed findings and conclusions that did not exist.

If the motion court had adopted, by reference, the State's motion to dismiss as its findings of fact and conclusions of law, its order would not have been, per se, clearly erroneous. *Leady v. State,* 714 S.W.2d 221, 222 (Mo.App.1986). The Eastern District of this court disapproved of this practice, however, by stating that "[t]he preferable practice is for the trial court to prepare its own findings of fact and conclusions of law so as to better insure that all issues raised are addressed and that erroneous allegations of fact or law made in a State's motion are not incorporated into a court order." *Id.* Nevertheless, the principle that it is not error per se to properly adopt the State's motion to dismiss might have aided the motion court in this case, if it had adopted by reference the State's motion to dismiss as its findings of fact and conclusions of law. It did not. Since there were no proposed findings of fact and conclusions of law that could be incorporated into the September 25, 2002, order, and the motion court did not adopt the State's motion to dismiss, the order did not meet the requirements of Rule 24.035(j).

■ Upon our finding that the September 25, 2002, order was deficient, this court considers the October 31, 2002, order. In that order, the motion court expressly stated that it was taking up Mr. Gaddis' Motion for Reconsideration. After the filing of that motion by Mr. Gaddis, the State amended its motion to dismiss, on October 29, 2002, to add the terms "Findings of Fact" and "Conclusions of Law" to the caption and headings of its original

motion.[3] The motion court then entered an order on October 31, 2002. Without considering whether that order contains the requisite findings and conclusions, it is otherwise not sufficient as a denial of Mr. Gaddis' post-conviction motion. By considering its plain and ordinary language, the order did not rule on Mr. Gaddis' amended motion for relief under Rule 24.035. Instead, the October 31, 2002, order overruled Mr. Gaddis' motion for reconsideration. As a result, there is no order denying Mr. Gaddis' 24.035 motion that contains the findings of fact and conclusions of law required by 24.035(j).

■ The determination that the motion court failed to comply with Rule 24.035 in an order overruling Mr. Gaddis' motion does not end the inquiry. This court must determine whether that deficiency requires reversal. The Supreme Court has recognized two situations in which the failure of the motion court to make all the findings and conclusions required by Rule 24.035 does not warrant reversal: (1) when the only issue before the court is one of law, findings of fact are not required, if conclusions of law are made; (2) where the motion court conducted a hearing on a post-conviction motion and no substantial evidence was presented to support the allegation upon which the court failed to make findings. *Barry v. State,* 850 S.W.2d 348, 350 (Mo. banc 1993). Exception (1) does not apply to this case because the motion court did not issue conclusions of law, and (2) is inapplicable since no hearing was conducted.

The Eastern District of this court has articulated three additional exceptions to the findings and conclusions requirement

**3.** The addition of language in the caption and headings of the State's motion to dismiss did not transform the motion into findings of fact and conclusions of law, as "[a] pleading is

judged by its subject matter—not its caption." *Worley v. Worley,* 19 S.W.3d 127, 129 (Mo. banc 2000).

of Rule 29.15, which apply equally to a Rule 24.035 proceeding. These are where: (1) the court failed to "issue a proper conclusion of law on an isolated issue" and it is clear that the movant is entitled to no relief, as a matter of law, and will suffer no prejudice if a remand is denied; (2) there were issues "that were not properly raised or are not cognizable in a post-conviction motion;" and (3) "the motion itself was insufficient." *Bowens v. State*, 18 S.W.3d 118, 120 (Mo.App.2000). None of these exceptions are applicable to this case.

Because the motion court did not issue an order adjudicating Mr. Gaddis' post-conviction motion that contains findings of fact and conclusions of law, the judgment is reversed and remanded for the entry of findings of fact and conclusions of law, as required by Rule 23.045(j).

All concur.