Kevin D. BARNES, Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 26574.

Missouri Court of Appeals,
Southern District,
Division One.

April 28, 2005.

Ellen H. Flottman, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa M. Kennedy, Assistant Attorney General, Jefferson City, for respondent.

PHILLIP R. GARRISON, Presiding Judge.

Kevin D. Barnes ("Movant") appeals from the motion court's denial, without an evidentiary hearing, of his amended motion to vacate, set aside, or correct sentence and judgment brought pursuant to Rule 24.035.[1]

On May 24, 2002, Movant pled guilty to the class C felony of burglary in the second degree in violation of Section 569.170,[2] and the class C felony of stealing in violation of Section 570.030. The trial court found that Movant understood the charges and consequences of his plea and subsequently sentenced Movant, in accordance with a plea agreement, to concurrent seven-year sentences on each count. In accordance with the plea agreement, the court required Movant to serve 120 days shock time in the Howell County jail, and suspended the execution of the seven-year sentences. On January 21, 2004, Movant's probation was revoked and the court ordered execution of the two seven-year sentences to run concurrently.

Movant filed a timely *pro se* motion for post-conviction relief under Rule 24.035. Appointed counsel filed an amended motion on May 25, 2004, and on September 8, 2004, the motion court entered an order summarily denying Movant's motion without an evidentiary hearing. The court did not issue any findings of fact and conclusions of law. The order stated:

> The Court considers the motion herein and its full text; takes judicial notice of the files of this Court in the original case and the post-conviction remedy

case; and reviews the filed transcript of proceedings herein.

> The Court finds movant not be entitled to relief herein; and, that the matters before the Court on record do not support movant's post-conviction allegations; nor, that he was prejudiced by any proceedings or lack of proceedings. *Graham v. State*, 11 S.W.3d [807] (Mo. App.S.D.1999) (rehearing/transfer/certiorari denied). This having been determined, formal hearing and oral presentation is not necessary nor helpful. So ordered. Clerk to copy counsel.

Movant now appeals, presenting two points relied on. In one of his points, Movant contends that the motion court clearly erred in failing to enter specific findings of fact and conclusions of law in ruling on his Rule 24.035 motion. He asserts, and the State concedes, that the motion court's findings and conclusions were not sufficient to provide meaningful appellate review as to any of the four claims raised in Movant's 24.035 motion. We agree. Accordingly, we need not review Movant's other point on appeal.

Our review of a motion court's ruling on a motion for post-conviction relief is limited to a determination of whether the court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Maberry v. State*, 137 S.W.3d 543, 546 (Mo.App. S.D.2004). Since the findings of the motion court are presumptively valid, the clearly erroneous standard is satisfied only if after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991); *Hall v. State*, 16 S.W.3d 582, 585 (Mo. banc 2000). Movant will succeed on his ineffective assistance claim if he can

---

1. References to rules are to Missouri Rules of Criminal Procedure (2004).

2. References to statutes are to RSMo (2000) unless otherwise indicated.

show: "(1) that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney, and (2) that he was prejudiced in that a different outcome would have resulted but for trial counsel's errors." *Norville v. State*, 83 S.W.3d 112, 114 (Mo.App. S.D.2002); *see also Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Rule 24.035(j) provides that the motion court "shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." "A mere statement that the motion, files, and records conclusively show no entitlement to post-conviction relief fails to constitute the requisite findings contemplated by the rule." *Gaddis v. State*, 121 S.W.3d 308, 311 (Mo.App. W.D.2003).

■ There are two situations recognized by the Supreme Court where reversal is not warranted even though the motion court failed to make the necessary findings and conclusions. These two exceptions are: "(1) when the only issue before the court is one of law, findings of fact are not required, if conclusions of law are made; (2) where the motion court conducted a hearing on a post-conviction motion and no substantial evidence was presented to support the allegation upon which the court failed to make findings." *Gaddis*, 121 S.W.3d at 312; *see also Barry v. State*, 850 S.W.2d 348, 350 (Mo. banc 1993). Neither of these two exceptions applies in Movant's case; first, the motion court did not issue conclusions of law and, second, no evidentiary hearing was held.

■ The Eastern District of this court has also outlined three additional exceptions to the finding and conclusions requirement. They occur when: (1) the court fails to "issue a proper conclusion of law on an isolated issue" and it is clear that the movant is entitled to no relief, as a matter of law, and will suffer no prejudice if a remand is denied; (2) there are issues "that were not properly raised or are not cognizable in a post-conviction motion"; and (3) "the motion itself was insufficient." *Bowens v. State*, 18 S.W.3d 118, 120 (Mo. App. E.D.2000). None of these exceptions apply in this case.

■ The motion court's failure to issue findings of fact and conclusions of law as mandated in Rule 24.035(j) requires a reviewing court to reverse and remand. *Holloway v. State*, 764 S.W.2d 163, 164 (Mo.App. W.D.1989). Until the motion court enters sufficient findings of fact and conclusions of law, appellate review is not possible. *Id.* at 165. Therefore, the judgment is reversed and the cause remanded to the motion court for further proceedings consistent with this opinion.

PREWITT, J., and RAHMEYER, J., concur.