Edward D. BURGDORF,
Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. SD 29777.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 30, 2009.

Ellen H. Flottman of Columbia, MO, for Appellant.

Chris Koster, Atty. Gen., Jamie Pamela Rasmussen, Asst. Atty. Gen. of Jefferson City, MO, for Respondent.

JEFFREY W. BATES, Presiding Judge.

Edward Burgdorf (Burgdorf) appeals from an order denying his *pro se* Rule 24.035 motion for post-conviction relief without an evidentiary hearing.[1] We reverse and remand for further proceedings.

In 2005, Burgdorf was charged with murder in the first degree, armed criminal action and arson in the second degree. Burgdorf agreed to plead guilty to the reduced charge of second-degree murder in exchange for dismissal of the arson and armed criminal action charges. In February 2008, Burgdorf entered a plea of guilty to the second-degree murder charge. He was sentenced to life imprisonment.

In April 2008, Burgdorf filed a *pro se* motion for post-conviction relief pursuant to Rule 24.035. The motion alleged that Burgdorf had no choice but to plead guilty to second-degree murder because: (1) trial counsel was ineffective for failing to depose witnesses; (2) Burgdorf was denied his Sixth Amendment right to confront the witnesses against him; (3) he was denied due process because he did not receive a fast and speedy trial. Appointed counsel filed a statement in lieu of an amended motion. *See* Rule 24.035(e). In April 2009, the motion court entered an order stating: "Having reviewed entire file, ct. finds that, based on [Burgdorf's] motion & transcript of plea, there is no need for an evidentiary hearing & motion is denied." This appeal followed.

Burgdorf presents one point on appeal. He contends there cannot be meaningful appellate review of the denial of his post-conviction motion because the motion court failed to issue specific findings of fact and conclusions of law. This Court agrees.

Our review of a motion court's decision on a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Johnson v. State*, 210 S.W.3d 427, 431 (Mo.App.2006). This standard of review, however, presupposes that the motion court has carried out its obligation to "issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." Rule 24.035(j); Rule 24.035(h) (requiring the court to issue findings of fact and conclusions of law even though no evidentiary hearing is held). "There is no ambiguity in this directive and its requirements are not a mere formality." *Burton v. State*, 895 S.W.2d 648, 649 (Mo.App.1995). Without such findings and conclusions, we are

1. All references to rules are to Missouri Court Rules (2008).

unable to engage in meaningful appellate review of the motion court's ruling. *Day v. State,* 143 S.W.3d 690, 692–93 (Mo.App. 2004); *Gaddis v. State,* 121 S.W.3d 308, 311 (Mo.App.2003). As the western district of this Court observed in *Brown v. State,* 810 S.W.2d 716 (Mo.App.1991), "[s]upplying the necessary findings and conclusions by implication would constitute an improper *de novo* review on appeal." *Id.* at 718.

"The motion court's failure to issue findings of fact and conclusions of law as mandated in Rule 24.035(j) requires a reviewing court to reverse and remand. Until the motion court enters sufficient findings of fact and conclusions of law, appellate review is not possible." *Barnes v. State,* 160 S.W.3d 837, 839 (Mo.App.2005) (citation omitted). Burgdorf's point on appeal is granted. The order denying post-conviction relief is reversed, and the cause is remanded to the motion court for further proceedings consistent with this opinion.

BARNEY and BURRELL, JJ., Concur.