

# Missouri Court of Appeals

## Southern District

### In Division

THOMAS E. ELSTON, )
)
        Appellant, )
) No. SD37912
    vs. )
) FILED: January 31, 2024
STATE OF MISSOURI, )
)
        Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

#### Honorable David C. Jones, Judge

## REVERSED AND REMANDED

Thomas Elston ("Movant") appeals an amended order by the Greene County Circuit Court ("motion court") denying his amended Rule 24.035[1] motion to vacate, set aside, or amend the order.

In its original order, the motion court addressed Movant's first claim ("Claim A") but not his second claim ("Claim B"). The State filed a motion to amend the order to include findings of fact and conclusions of law for Movant's second claim, but in its amended order the motion court stated, "the Court finds that the State's argument is persuasive and that [Movant's] motion for PCR relief is without merit" without including any additional findings of fact or conclusions

---

[1] All rule references are to Missouri Court Rules (2022).

of law.  Because neither the motion court's original order nor its amended order contains findings of fact and conclusions of law as required by Rule 24.035(j), we reverse and remand.

## Factual Background and Procedural History

Insofar as relevant here, Movant's appointed counsel timely filed an amended Rule 24.035 motion with two claims.[2]  Claim A alleged ineffective assistance of counsel because Movant's trial counsel failed to advise him of a lesser included offense to one of the crimes charged making his guilty plea involuntary and unknowing.  Claim B alleged ineffective assistance of counsel because trial counsel failed to object to a comment made by the State during Movant's sentencing hearing.  After an evidentiary hearing, the motion court granted Movant's motion as to Claim A in its original order and permitted him to withdraw his guilty plea as to one of the counts but neither acknowledged nor included findings of fact and conclusions of law for Claim B.  Movant moved to amend the order asserting that the motion court should have permitted Movant to withdraw his guilty plea to all counts, that findings of fact and conclusions of law should be included for Claim B, and that the motion court should have included findings on the timeliness of Movant's *pro se* and amended motions.  The State also moved to amend the motion court's order noting that the order failed to address Claim B, and that Movant's claim for relief as to Claim A should be denied because the entire plea was voluntary.  The motion court stated the following in its amended order:

> Pending before this Court [are] [Movant's] and the State's motion[s] to amend judgement [sic].
>
> Having considered both motions, the Court finds that the State's argument is

---

[2] Movant was sentenced on January 11, 2019, and filed his *pro se* motion on June 24, 2019, within the deadline prescribed by Rule 24.035(b).  Movant filed his amended motion on October 1, 2020, within the deadline prescribed by Rule 24.035(g).  Movant filed his motion to amend the amended order on October 10, 2022.  On January 9, 2023, Movant filed his notice of appeal after Movant's motion to amend was denied pursuant to Rule 81.05(a)(2)(A).  Upon independent review of the record, we are satisfied Movant's *pro se* and amended motions as well as Movant's notice of appeal were timely filed.

persuasive and that [Movant's] motion for PCR relief is without merit and should be denied in its entirety for the reasons set forth in the State's response.

Movant moved to amend the amended order under Rule 24.035, asserting "[t]he Court's 'Amended Order' is wholly deficient and in violation of Rule 24.035 because it includes no findings and conclusions." The motion court did not rule on this motion and Movant appealed.

## Standard of Review

"This Court's review of a denial of post-conviction relief is limited to a determination of clear error in the circuit court's findings of fact and conclusions of law." *Swallow v. State*, 398 S.W.3d 1, 3 (Mo. banc 2013). "This standard of review, however, presupposes that the motion court carried out its obligation to issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." *Straub v. State*, 523 S.W.3d 602, 605 (Mo.App. 2017) (internal quotation marks omitted). Here, the issue is preserved for appellate review because both Movant and the State filed a motion to amend raising the lack of findings with the motion court. *See* Rule 24.035(j); Rule 78.07(c); *Johnson v. State*, 388 S.W.3d 159, 168 (Mo. banc 2012); *Walls v. State*, 655 S.W.3d 452, 455 (Mo.App. 2022); *Gerlt v. State*, 339 S.W.3d 578, 584-85 (Mo.App. 2011).

## Discussion

Movant requests this court to reverse and remand the motion court's amended order denying Movant's Rule 24.035 amended motion and direct the motion court to enter findings of fact and conclusions of law.

Rule 24.035(j) requires the motion court to "issue findings of fact and conclusions of law on all issues presented," "whether or not a hearing is held." A post-conviction motion under this rule without findings of fact and conclusions of law "provides nothing for appellate review. Supplying the necessary findings and conclusions by implication would constitute an improper

3

*de novo* review on appeal. Failure to issue findings and conclusions as contemplated by Rule 24.035(j) mandates reversal and remand." ***Hollingshead v. State***, 324 S.W.3d 779, 781 (Mo.App. 2010) (internal quotation marks omitted).

The motion court did not include findings of fact and conclusions of law in its original order for Claim B. After the State moved to amend the motion court's order, noting that there were no findings of fact and conclusions of law for Claim B, the motion court stated in its amended order that Movant's motion should be denied "in its entirety for the reasons set forth in the State's response." Yet the State did not include suggested findings of fact or conclusions of law in its response. "As long as the court thoughtfully and carefully considers the parties' proposed findings and agrees with the content, there is no constitutional problem with the court adopting in whole or in part the findings of fact and conclusions of law drafted by one of the parties." ***Gaddis v. State***, 121 S.W.3d 308, 311 (Mo.App. 2003) (internal quotation marks omitted). But without such findings and conclusions, nothing remains for appellate review. Accordingly, "[t]he motion court's failure to issue findings of fact and conclusions of law as mandated in Rule 24.035(j) requires a reviewing court to reverse and remand." ***Burgdorf v. State***, 298 S.W.3d 578, 580 (Mo.App. 2009) (internal quotation marks omitted); *see* ***Hollingshead***, 324 S.W.3d at 781; ***Johnson***, 210 S.W.3d at 434.

## Decision

The amended order denying Movant's motion is reversed and remanded for entry of findings of fact and conclusions of law as required by Rule 24.035(j).

BECKY J.W. BORTHWICK, J. – OPINION AUTHOR
JEFFREY W. BATES, J. – CONCURS
JENNIFER R. GROWCOCK, J. – CONCURS

4