**Andre EZELL, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 73870.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 1, 1999.

judge.

Jane G. Berman, Asst. Sp. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael P. Barry, Asst. Atty. Gen., Jefferson City, for respondent.

LAWRENCE E. MOONEY, Judge.

Andre Ezell ("Movant") appeals from the denial of his Rule 24.035 motion for post-conviction relief following an evidentiary hearing, arguing: 1) the record does not refute Movant's allegation that he would not have pled guilty but for trial counsel's ineffective assistance in failing to investigate and prepare a defense for Movant; 2) the record does not refute Mov-

ant's allegation that he would not have pled guilty but for trial counsel's ineffective assistance in failing to recognize the jurisdictional limitations of the sentencing court and assuring Movant that an integral part of the plea agreement consisted of the promise, written on the sentence and judgment form, that Movant would not be incarcerated at Jefferson City Correctional Center ("JCCC") or Potosi Correctional Center ("PCC"); 3) that the motion court failed to address Movant's allegation that the trial court erred in failing to question Movant on the record as to any promises made to Movant without which Movant would not have pled guilty; and 4) the sentencing court was outside its jurisdiction in sentencing Movant to six concurrent life sentences not to be served at JCCC or PCC. We reverse and remand.

Movant pled guilty to two counts of murder in the second degree, one count of assault in the first degree, and three counts of armed criminal action. Movant claims that he pled guilty based on a plea agreement that he would not serve his sentence in either JCCC or PCC. No mention was made of any formal plea agreement during the guilty plea and sentencing hearing, and there is no record of one before us on appeal. However, the court sentenced Movant to six concurrent terms of life in prison and specifically noted on the sentencing and judgment form, "Defendant *not* to be incarcerated at Potosi Correctional Center or Jefferson City Correctional Center" (emphasis in original). Contrary to this language, Movant spent approximately twenty-one months at JCCC before his transfer to the newly constructed Crossroads Correctional Center in Cameron, Missouri.

Pursuant to Rule 24.035, Movant filed a pro se motion for post-conviction relief. Movant, through counsel, later filed an amended motion and then a second amended motion. In the second-amended motion, Movant specifically alleged that:

1) his guilty plea was not made voluntarily, knowingly or intelligently;

2) he did not fully understand the nature and consequences of the plea agreement;

3) trial counsel failed to review with Movant the strategy trial counsel intended to use if Movant proceeded to trial;

4) trial counsel failed to investigate, subpoena and depose all state witnesses;

5) trial counsel failed to investigate, subpoena and depose all defense witnesses;

6) trial counsel failed to inform Movant of the State's evidence and discovery;

7) Movant was not properly questioned at the sentencing hearing about coercion or the voluntariness of his plea;

8) trial counsel provided false information to Movant regarding:

> a) the term of a life sentence and Movant's eligibility for parole,
>
> b) the court's unwillingness to accept an Alford plea, and
>
> c) State's witnesses' ability to plead the 5th Amendment at trial;

9) trial counsel failed to investigate and subpoena ballistics experts and medical records and x-rays of one of the victims;

10) trial counsel failed to investigate the State's witnesses and case;

11) Movant entered into a plea of guilty based on an agreement, entered into by the State and his trial counsel, that Movant would not serve his sentence at JCCC or PCC, when in fact Movant was placed at JCCC;

12) the trial judge failed to address Movant in open court to determine if the plea was voluntary and not a result of force of threats or promises apart from the plea agreement; and

13) contrary to representations made to Movant, the trial court did not have the jurisdiction to order that Movant would not serve his sentence at JCCC or PCC.

A hearing was held in relation to Movant's motion for post-conviction relief. At the hearing, Movant stated that he did not want to serve time at JCCC or PCC, "because they was locked down and I didn't want to be locked down." He further stated in reference to JCCC and PCC, "And there ain't no jobs there. You know, you can't work there. So it's basically like if I go there, I won't have a way to take care of myself." Movant also stated that going to JCCC or PCC scared him. Movant testified that he would not have pled guilty but for the promise that he would not serve time at JCCC or PCC.

When Movant's trial counsel was asked if he believed Movant would have pled guilty if Movant thought he would go to JCCC or PCC, trial counsel testified, "I don't believe he would have . . . I think he was very concerned for his safety going to those two institutions . . . he felt his life was in danger if he went to either one of those two facilities." Movant's trial counsel indicated that he understood this promise to be an integral part of the plea agreement and that he had passed this information along to the prosecutor and the trial judge as well.

Following the hearing, the motion court issued findings of fact and conclusions of law in which it stated that the only issues raised at the hearing were "Trial Counsel's providing misinformation to the movant (# 8) and Movant's incarceration at Jefferson City Correctional Center (# 11–13 of Movant's second amended motion)." The motion court stated that none of the other allegations from Movant's First or Second Amended Motions were raised at this hearing, and were therefore deemed abandoned and denied. The motion court tersely stated "that trial counsel did not mislead or provide false information to Movant," and denied Allegation # 8 of Movant's Second Amended Motion.

> With respect to the issue of Movant's incarceration at JCCC, the motion court stated:
>
> Movant's only claim that suggests that he would have proceeded to trial and forgone the guilty plea was that he was promised that he would not be confined at Jefferson City Correctional Center or

at Potosi Correctional Center. After the completion of the only other maximum security prison at Crossroads Correctional Center in Cameron, Missouri, Movant was transferred to that institution in September, 1997. Nowhere does Movant suggest a reason why this was of importance to him or how he was prejudiced by being confined in Jefferson City.

The motion court stated that Movant's allegations do not present a meritorious claim that he was denied effective assistance of counsel to the extent his plea was made involuntarily, and held Movant's plea was entered voluntarily, knowingly, and intelligently. The motion court denied Movant's Rule 24.035 motion, and Movant timely filed this appeal.

 Appellate review of a post-conviction relief motion is limited to the determination of whether the findings of fact and conclusions of law of the motion court are clearly erroneous. *State v. Nunley,* 980 S.W.2d 290, 291 (Mo. banc 1998); Rule 24.035(j). Meaningful appellate review is premised upon sufficiently specific findings of fact and conclusions of law that are responsive to movant's claims. *Brown v. State,* 810 S.W.2d 716, 717 (Mo.App. W.D. 1991). Failure to issue findings and conclusions as contemplated by Rule 24.035(j) mandates reversal and remand. *Id.* at 718.

 We are unable to provide meaningful review of any of Movant's points on appeal due to a lack of specific findings of fact and conclusions of law in this case. In its findings of fact and conclusions of law, the motion court did not refer to the testimony of Movant or his trial counsel quoted above, nor did it make findings as to the credibility of either witness. The motion court made no finding as to the existence or legality of any plea agreement. The motion court also stated nothing as to the allegation that the sentencing court failed to question Movant as to the voluntariness of his plea in open court. Further, we note that the motion court states that all

claims have been abandoned other than the issue of "Trial Counsel's providing misinformation to the movant … and Movant's incarceration at Jefferson City Correctional Center." However, evidence was presented on the issue of trial counsel's failure to investigate various witnesses. Clearly, this issue was not abandoned and the motion court should also have addressed this issue in its findings of fact and conclusions of law.

Given the lack of specific findings by the motion court, we are left with little to review for clear error. We conclude that the findings of fact and conclusions of law entered by the motion court fail to comply with Rule 24.035(j). Thus, we reverse and remand for the entry of specific findings of fact and conclusions of law on all issues presented and not abandoned by movant in his motion for post-conviction relief.[1]

SIMON, P.J., CRANE, J., concur.

---

1. Due to the death of the motion judge, a new hearing will be necessary.