Herbert BOWENS, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 75381.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 25, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 30, 2000.

Application for Transfer Denied
June 27, 2000.

Dave Hemingway, Asst. Sp. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Catherine Chatman, Asst. Atty. Gen., Jefferson City, for respondent.

WILLIAM H. CRANDALL, Jr., Presiding Judge.

Defendant, Herbert Bowens, appeals from the judgment denying his Rule 29.15 motion without an evidentiary hearing. We affirm in part and reverse and remand in part.

A jury convicted defendant of two counts of rape, section 566.030,[1] one count

---

1. All statutory references are to RSMo.1994.

of kidnapping, section 565.110, and one count of deliberately creating a grave and unjustifiable risk of infecting another with HIV, section 191.677.1(2). The trial court sentenced defendant to consecutive terms of life imprisonment for each rape conviction, thirty years for the kidnapping conviction and ten years for the creating a grave and unjustifiable risk of infecting another with HIV conviction. Defendant appealed and this court affirmed. *State v. Bowens*, 964 S.W.2d 232 (Mo.App. E.D. 1998). Defendant then filed a pro se Rule 29.15 motion for post-conviction relief. The trial court appointed counsel and an amended Rule 29.15 motion was filed. The trial court issued findings of facts and conclusions of law, and denied the motion without an evidentiary hearing. Defendant raises seven points on appeal.

 Appellate review of the denial of defendant's Rule 29.15 motion is limited to determining whether the court's findings and conclusions are clearly erroneous. Rule 29.15(k); *Crews v. State*, 7 S.W.3d 563, 566 (Mo.App. E.D.1999). For a claim of ineffective assistance of counsel, defendant had to establish by a preponderance of the evidence that (1) counsel was ineffective by failing to exercise the customary skill and diligence that a reasonably competent attorney would exercise in similar circumstances, and (2) defendant was prejudiced as a result of the ineffective assistance. *State v. Clay*, 975 S.W.2d 121, 135 (Mo. banc 1998); *Crews*, 7 S.W.3d at 566.

Defendant argues in his first point that the court clearly erred in failing to render findings or conclusions for his claim that his trial counsel was ineffective in failing to investigate two alibi witnesses. The court stated in its findings, among other things, that counsel provided effective assistance, counsel obtained and read police, laboratory and expert reports, and counsel conducted an independent investigation of the case, including having an independent expert review the state's DNA analysis. In its conclusions, the court stated, among other things, that defendant failed to es-

tablish he was entitled to relief, defendant was not prejudiced or deprived of any substantial rights by the conduct of his counsel, defendant failed to show that his counsel lacked the care and skill of reasonably competent attorneys and defendant failed to overcome the presumption of competency for counsel. The court did not specifically address defendant's claim regarding the alibi witnesses. Defendant contends that the court's "generic conclusion" that trial counsel provided effective assistance, obtained police and expert reports, and conducted an independent investigation was insufficient.

 Rule 29.15 provides, in part, that "the court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." " 'There is no ambiguity in this directive and its requirements are not a mere formality.' " *Crews*, 7 S.W.3d at 567 (citations omitted). The court is not required to issue itemized findings and conclusions but rather the findings and conclusions must be sufficient to permit meaningful appellate review. *Id.* Findings and conclusions cannot be supplied by implication from the court's ruling. *Id.*

 Although Rule 29.15 requires findings and conclusions for all issues presented, it has been found that not every failure to enter a finding or conclusion for an issue requires reversal and remand. *Id.* at 567–68. In *Crews*, this court stated that the following were "five possible exceptions" to the requirement for findings and conclusions: (1) no finding of fact is necessary where the only issue is one of law, but the court must still enter a conclusion of law; (2) an appellate court will not order a useless remand to direct the court to issue a proper conclusion of law on an isolated issue where it is clear that the movant is entitled to no relief as a matter of law and will suffer no prejudice by denying a remand; (3) findings and conclusions are not required on an allegation if the court grants a hearing on the motion and the movant fails to present substantial

evidence at the hearing to support that allegation; (4) findings and conclusions are not required for issues that were not properly raised or are not cognizable in a post-conviction motion; and (5) reversal is not required if the motion itself was insufficient. *Id.* at 568. None of the exceptions discussed in *Crews* apply to defendant's ineffective assistance claim regarding the alibi witnesses.

▆ As discussed, the court did enter certain general findings and conclusions, but the court did not specifically address defendant's claim regarding the two alibi witnesses. The court's findings and conclusions are insufficient to permit meaningful appellate review. *See Matt v. State*, 992 S.W.2d 269, 273–74 (Mo.App. E.D. 1999). Under the circumstances presented here, the portion of the judgment as to defendant's claim regarding the two alibi witnesses must be reversed and the cause remanded.

▆ Defendant argues in his second point that the court clearly erred in not granting an evidentiary hearing for his claim regarding the two alibi witnesses. We decline to address this point until the court issues findings and conclusions on this claim that are sufficient to permit meaningful appellate review. *Barry v. State*, 850 S.W.2d 348, 350 (Mo. banc 1993). We have reviewed defendant's remaining five points and find that a written opinion for these points would have no precedential value. Defendant's remaining five points are denied in accordance with Rule 84.16(b).

The portion of the judgment as to defendant's claim of ineffective assistance of counsel regarding the two alibi witnesses is reversed and remanded for proceedings consistent with this opinion. In all other respects, the judgment is affirmed.

MARY K. HOFF, Judge and ROBERT E. CRIST, Senior Judge, Concur.