**Lisa ZYCH, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 79487.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 16, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 28, 2002.

Application for Transfer Denied
Aug. 27, 2002.

William J. Ekiss, St. Louis, MO, for movant.

Jeremiah W. (Jay) Nixon, Andrea Mazza Follett, Jefferson City, MO, for respondent.

WILLIAM H. CRANDALL, JR., Presiding Judge.

Movant, Lisa Marie Zych, appeals from the denial of her Rule 29.15 motion without an evidentiary hearing. We affirm.

The evidence adduced at trial established that on the morning of May 11, 1997, movant and her friend were driving in an automobile. Her friend saw the victim, Lawrence Gronemeyer (hereinafter victim), and motioned him over to their car. Her friend negotiated with the victim to have sex with her and movant in ex-

change for $50.00 for her to buy cocaine, which she did. The victim then drove movant and her friend to a hotel, where they all smoked crack, sniffed cocaine, and "got naked." Her friend had sexual intercourse with the victim; but movant did not. Later that morning, the victim drove movant and her friend back to their car and he exchanged telephone numbers with movant.

On the night of May 11, the victim telephoned movant and asked if she wanted to "party" with him, and she agreed. The victim drove her to his apartment, arriving at about 1:30 a.m. on May 12. They sniffed cocaine and smoked crack throughout the night. Movant repeatedly refused the victim's demands to have sexual intercourse with him. Both, however, removed their clothes and engaged in sexual foreplay. The victim also laid on top of movant, but she pushed him away.

In the afternoon of May 12, movant asked the victim to take her home. He refused, saying he was too high to drive. They did, however, leave his apartment and drive to a strip mall to get food and beer. They then returned to his apartment.

At about 5:30 p.m. on May 12, the victim told movant she needed to live up to her end of the bargain, and he again demanded sex. Movant agreed to have sexual intercourse with him, but asked for more cocaine first. The victim refused. She indicated that she needed to use the bathroom. She went to the bathroom and turned on the water at the sink. She then went to the kitchen and retrieved a large butcher knife, which she concealed in her sleeve. After she turned off the water in the bathroom, she returned to the living room, where the victim was lying on the couch, fully-clothed, with a comforter over him. The victim said it was time to have sex. Movant walked up behind him, pulled the knife from her sleeve, and stabbed him in the chest. The victim died as a result of the chest wound.

Movant was charged by information with murder in the first degree and armed criminal action. The jury convicted her of murder in the second degree and armed criminal action. The trial court sentenced her, as a prior offender, to 25 years of imprisonment for the murder conviction and 10 years for the armed criminal action conviction, the sentences to run consecutively. Movant appealed from the judgment of convictions and this court affirmed. *State v. Zych,* 14 S.W.3d 657 (Mo. App. E.D.2000). Movant then filed a Rule 29.15 motion for post-conviction relief. The trial court issued findings of facts and conclusions of law, and denied the motion without an evidentiary hearing. Movant appeals.

◼ Appellate review of the denial of movant's Rule 29.15 motion is limited to determining whether the court's findings and conclusions are clearly erroneous. Rule 29.15(k); *Bowens v. State,* 18 S.W.3d 118, 120 (Mo.App. E.D.2000). For a claim of ineffective assistance of counsel, defendant must establish by a preponderance of the evidence that (1) trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances, and (2) that counsel's deficient performance prejudiced defendant. *Strickland v. Washington,* 466 U.S. 668, 687–688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

◼ In her first point, movant contends that the trial court erred in failing to find counsel ineffective for not objecting to evidence of her uncharged crimes, prior bad acts, and prior felony conviction. During cross-examination of her expert, a psychiatrist, the State asked him how movant was

able to buy cocaine and the following colloquy occurred:

[PSYCHIATRIST]: She stated that she would steal items from her family or shoplift or do other illegal acts of that nature.

[PROSECUTOR]: Anything else?

[PSYCHIATRIST]: She, I believe she's been picked up for stealing a car or felony theft in her past.

[PROSECUTOR]: Didn't she tell you she would trade sex for cocaine?

[PSYCHIATRIST]: Yes, I'm sorry.

In addition, during the State's examination of a police detective, the following occurred:

[PROSECUTOR]: Did you ever ask [movant] if she was a prostitute?

[DETECTIVE]: Yeah, she stated that she was not actively a prostitute, but she had been 3 or 4 months prior to this incident.

Movant argues that evidence of her prostitution and stealing was not relevant to the crimes charged of murder in the first degree and armed criminal action. She further asserts that the failure of trial counsel to object to the evidence distracted the jury from her argument that when she stabbed the victim, she was acting in self-defense. Her defense was that she suffered from post-traumatic stress disorder from childhood sexual abuse, depression, and alcohol and drug addiction; and that her mental condition caused her to be so frightened of victim that she had no alternative but to defend herself against him.

In her direct appeal, defendant claimed that it was trial court error to permit the State to elicit evidence of prior bad conduct. Because trial counsel did not object at trial to the testimony and did not include the claim of error in the motion for new trial, defendant requested plain error review. This court rejected the claim in defendant's direct appeal in an order opinion with an accompanying memorandum of law. *See* Rule 30.25(b). In its unpublished memorandum, this court indicated that the evidence was inadmissible as logically and legally irrelevant and should have been excluded; but declined to find plain error.

■■■■ But, a finding of no plain error on direct appeal does not necessarily equate to a finding of no prejudice under the second prong of the *Strickland* test. *Deck v. State*, 68 S.W.3d 418 at 426 (Mo. banc 2002). This is because the test for plain error and the test under *Strickland* are not equivalent. *Id.* 68 S.W.3d at 427. While plain error can serve as the basis for granting a new trial on direct appeal only if the error was outcome determinative, *Strickland* clearly and explicitly holds that an outcome-determinative test cannot be applied in a post-conviction setting. *Id.* 68 S.W.3d at 427. The ultimate determination is not the propriety of the trial court's actions with regard to any alleged error, but whether defendant has suffered a genuine deprivation of his right to effective assistance of counsel such that the appellate court's confidence in the fairness of the proceeding is undermined. *Id.* 68 S.W.3d at 428. The theoretical differences between the two standards of review will seldom cause a court to grant post-conviction relief after it has denied relief on direct appeal, because, in most cases, an error that is not outcome-determinative on direct appeal will also fail to satisfy the *Strickland* test.

■■■■ We recognize that evidence of other uncharged crimes, misconduct, or bad acts that does not properly relate to the facts and cause on trial violates the general rule that a defendant can stand trial only for the offense charged. *State v. Bernard*, 849 S.W.2d 10, (Mo. banc 1993).

In the present action, there was admissible evidence adduced by the State and the defense that movant was a cocaine addict and that she traded sex for cocaine. But, her prior stealing and her prostitution 3 or 4 months prior to the incident was not relevant to the crimes charged. Assuming, without deciding, that trial counsel's failure to object to the admission of the inadmissible evidence was tantamount to the failure to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances, the first prong of *Strickland* would be satisfied.[1] The second prong of *Strickland* then requires a determination of whether "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

Here, there was no doubt from the evidence that movant stabbed the victim, resulting in his death. The State's evidence was overwhelming that movant was guilty of murder in the first degree. Movant's defense was that her mental condition, which included post-traumatic stress disorder, depression, and drug addiction, caused her to believe that stabbing him was the only recourse to save herself from being raped or sexually abused. Her own evidence was that she was not able to deliberate, although she knew what she was doing. Movant was successful in negating the element of deliberation, because the jury found her guilty of murder in the second degree, not murder in the first degree. The jury legitimately knew that she was addicted to drugs, engaged in acts of prostitution, and traded sex for cocaine. Had evidence of her previous prostitution

and stealing been excluded, there was no reasonable probability that the outcome of the case would have been different. Thus, movant did not establish that she was prejudiced by her counsel's failure to object to the admission of evidence of her prior bad acts and crimes. In addition, as a prior offender, she was sentenced by the judge and not the jury. Movant failed to demonstrate that she was deprived of her right to effective assistance of counsel such that this court's confidence in the fairness of the proceeding was undermined. She did not establish the second prong of the *Strickland* test. Her first point is denied.

In the remainder of her appeal, movant charges error in the trial court's denial of her Rule 29.15 motion without an evidentiary hearing because appellate counsel was ineffective for failing to file a motion for rehearing (Point II) and because of prosecutorial misconduct stemming from the State's failure to disclose a deal with a witness (Point III). We have reviewed these claims of error and find that the trial court's denial of movant's motion is based on findings of fact that are not clearly erroneous. The remaining points on appeal are denied pursuant to Rule 84.16(b).

The judgment is affirmed.

KATHIANNE KNAUP CRANE, J., and ROBERT G. DOWD, JR., J., Concur.

---

1. Of course, if this failure were part of a reasonable trial strategy, even if unsuccessful, it would not support a claim of ineffective assistance. *See Deck*, 68 S.W.3d at 429 n.7.