**Herbert BOWENS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 79110.**

Missouri Court of Appeals,
Eastern District,
Division Five.

April 30, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 5, 2002.

Application for Transfer Denied
Aug. 27, 2002.

Dave Hemingway, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Adriane Dixon Crouse, Asst. Atty. Gen., Jefferson City, MO, for respondent.

Before JAMES R DOWD, C.J. and PAUL J. SIMON and SHERRI B. SULLIVAN, JJ.

## ORDER

PER CURIAM.

Herbert Bowens (movant) appeals the judgment denying his Rule 29.15 motion for post-conviction relief. Previously in *Bowens v. State,* 18 S.W.3d 118 (Mo.App. E.D.2000) we reversed and remanded that portion of the judgment as to movant's claim of ineffective assistance of counsel regarding the two alibi witnesses, Toni Buchanan and Kim Gates, for further proceedings and affirmed the judgment in all other respects. For a detailed recitation of the facts see our opinion concerning his direct appeal, *State v. Bowens,* 964 S.W.2d 232 (Mo.App. E.D.1998).

Following an evidentiary hearing on remand, movant appeals and contends the motion court erred in: (1) ruling that trial counsel was not ineffective in failing to interview or call Buchanan; (2) denying movant's request to present evidence in support of his claim that he was wrongly denied his right to be present for sentencing; (3) dismissing movant's challenge to his trial attorney's failure to preserve their constitutional challenge to Section 191.677.1(2) RSMo (2000); (4) failing to render findings of fact or conclusions of law on movant's claim that his attorney on direct appeal was ineffective in failing to brief the trial court's refusal to permit cross-examination of Officer Daniel Becker to bring out the fact that movant told the police he had nothing to do with the crimes; and (5) failing to conduct a hearing on trial counsel's failure to brief the trial court's erroneous ruling prohibiting cross-examination about movant's statements denying guilt of the crimes.

We have reviewed the briefs of the parties, the legal file, and the record on appeal and find no error of law. An extend-

ed opinion reciting the detailed facts and restating the principles of law applicable to this case would serve no jurisprudential value. We affirm the judgment pursuant to Rule 84.16(b).