Kennith Joe WATTS, a/k/a Kenneth
J. Watts, Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 27605.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 28, 2006.

Kent Denzel, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Robert J. Bartholomew, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

GARY W. LYNCH, Judge.

Kennith Joe Watts ("Movant") appeals the denial of his Rule 24.035[1] motion for post-conviction relief without an evidentiary hearing. Movant contends that he was affirmatively misled and misadvised by counsel as to the application of the "eighty-five percent rule" (pursuant to § 559.019.3).[2] Movant claims that counsel's misadvice rendered his pleas unknowing, unintelligent and involuntary. We reverse and remand for the entry of specific findings of fact and conclusions of law on these allegations and, if necessary, an evidentiary hearing.

## 1) *Factual and Procedural Background*

Movant was charged in the underlying criminal case under Count I with first degree robbery, pursuant to § 569.020, and under Count II with armed criminal action, pursuant to § 571.015. At Movant's plea hearing, Respondent ("State") alleged that on August 29, 2003, Movant confronted Jared Ripley ("victim") on the campus of Southwest Missouri State University, pointed a semi-automatic handgun at victim and demanded victim's wallet, saying, "I'll shoot you in the arm or something." Victim threw his wallet inside the vehicle driven by Movant, and Movant drove away. He was later apprehended and admitted his guilt.

Pursuant to a plea agreement, Movant pleaded guilty to the charges on July 30, 2004. Terms of the plea agreement as disclosed at the plea hearing included a fifteen-year sentence on Count I, to run concurrent with a three-year sentence on Count II. The State agreed to dismiss charges pending against Movant in a separate case. The plea agreement further provided that Movant could request and argue for probation on the robbery charge, but probation would be opposed by the State.[3] The court accepted Movant's pleas, ordered a pre-sentence investigation, and set a date for sentencing.

On October 29, 2004, Movant was sentenced to concurrent terms of fifteen years' imprisonment on the first degree robbery charge and three years' imprisonment on the charge of armed criminal action. The sentencing court heard arguments from the parties regarding the issue of probation before deciding to execute the fifteen-year sentence pronounced under Count I and denying probation.

Movant filed a timely *pro se* motion under Rule 24.035 on January 21, 2005. Counsel was appointed, and an amended motion for post-conviction relief was filed September 2, 2005. Movant's claim was presented to the motion court in his amended motion as follows:

[C]ounsel presented movant a plea offer made by the state which was for fifteen years on Count I, with an 85% minimum mandatory term for which movant would be ineligible for parole, and a concurrent

---

1. References to rules are to Missouri Court Rules (2006), unless otherwise indicated.

2. References to statutes are to RSMo 2000, unless otherwise indicated.

3. Probation was not available as a sentencing option on the armed criminal action charge. *See* § 571.015.1.

three-year term on Count II. Movant rejected this plea offer because of the 85% non-parole condition. Approximately a week after this rejection, counsel re-approached movant and said that he had talked to the prosecutor, and told movant the offer was fifteen and three years, concurrent, with no mention of the 85% requirement. Movant reasonably assumed, as presented by counsel, that this was a new plea offer which did not contain the 85% mandatory minimum term. Counsel did not inform movant that *any* sentence he received for first degree robbery would have an 85% mandatory minimum term (pursuant to sections 558.019.3 and 556.061(8)). Reasonable counsel would have so informed movant. Movant entered his guilty plea in reasonable reliance on counsel's presentation of the plea bargain as omitting the 85% mandatory minimum term. Reasonably competent counsel would have adequately informed movant of the foregoing. But for counsel's failure to adequately advise, movant would have rejected pleading guilty and insisted on proceeding to trial.

The State moved to dismiss Movant's motion without an evidentiary hearing on February 2, 2006. An "Order Granting State's Motion to Dismiss Without an Evidentiary Hearing" was filed on February 21, 2006, wherein the motion court denied post-conviction relief without an evidentiary hearing. This appeal followed.

In his sole point relied on, Movant contends:

The motion court clearly erred in denying [Movant's] Rule 24.035 motion without an evidentiary hearing because this violated his rights to due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article I, Section 10 of the Missouri Constitution, in that [Movant] pleaded facts that are not refuted by the record, and that if proved would warrant relief; he claimed that his guilty pleas were not voluntarily entered in that plea counsel did not adequately advise him that he would have to serve eighty-five percent of any sentence imposed, as is required for the offense of first degree robbery under § 558.019; this was not merely a failure to advise because counsel initially reported a plea offer for fifteen and three years, subject to the "85% rule," then later told [Movant] there was an offer for fifteen and three years and made no mention of the eighty-five percent requirement, thus indicating to [Movant], who had suffered a head injury in his teen years and was of borderline intelligence,[4] that that provision would not apply to him. This constituted misadvice as to a material element of the plea, which rendered [Movant's] pleas unknowing, unintelligent, and involuntary, because he would have gone to trial rather than plead guilty if he had been correctly advised.

### 2) *Standard of Review*

Appellate review of a motion court's decision in a Rule 24.035 proceeding is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Hampton v. State*, 877 S.W.2d 250, 252 (Mo.App.1994).

### 3) *Discussion*

In its order, the motion court summarized and characterized Movant's factual

4. References to a head injury and borderline intelligence were not raised in Movant's amended motion.

allegations in his amended motion as: "Movant alleges that his counsel was ineffective for failing to advise him that he would have to serve a mandatory 85 percent of his sentence on robbery in the first degree." This is not a completely accurate summary or characterization of the issue raised by Movant in his amended motion.

Movant asserts in his amended motion that plea counsel did not "adequately advise him" and that he was "affirmatively misled" by plea counsel regarding the application of § 558.019 ["eighty-five percent rule"], because plea counsel initially conveyed an offer by the State and explicitly referenced the application of the eighty-five percent rule, but in a subsequent discussion of what Movant alleged was a "new offer" by the State, plea counsel failed to reference the rule in conveying the State's offer. Movant claims that "the reasonable conclusion was that that provision no longer applied."

Relying upon its mischaracterization, the motion court further found that "the 85% mandatory minimum service . . . is a collateral consequence of a guilty plea[,]" and "[c]ounsel has no obligation to inform the defendant of collateral consequences of a guilty plea, and his failure to advise defendant of collateral consequences is not a basis for a claim of ineffective assistance of counsel." In conclusion, the court stated: "Even if Movant's allegations were true, it would not provide a basis for post-conviction relief. Because there is no real issue of fact, but rather a question of law, there is no need for an evidentiary hearing."

 While there is no relief available on a claim that counsel failed to advise as to collateral consequences of pleading guilty, a claim that plea counsel misadvised movant regarding a particular consequence upon which movant relied in deciding to plead guilty may result in a finding of ineffective assistance of counsel. *See*

*Patterson v. State,* 92 S.W.3d 212, 216 (Mo.App.2002). "Mistaken beliefs about sentencing affect a defendant's ability to knowingly enter a guilty plea if the mistake is reasonable and the mistake is based upon a positive representation upon which the movant is entitled to rely." *Dobbins v. State,* 187 S.W.3d 865, 866 (Mo. banc 2006). "If a defendant claims he [pleaded] guilty because he was misled, the court must determine whether that belief by which he claims to have been misled was reasonable." *Drone v. State,* 973 S.W.2d 897, 900 (Mo.App.1998).

 The motion court made no findings of fact or conclusions of law in response to Movant's allegations in his amended motion that: (1) plea counsel made a positive representation about the eighty-five percent rule to Movant on the first plea offer of fifteen years on Count I and three years on Count II; (2) Movant rejected this plea offer because of the eighty-five percent rule; (3) Movant insisted that he would not plead to a sentence subject to the application of the eighty-five percent rule; (4) a week after Movant rejected the first plea offer, plea counsel re-approached Movant with a new plea offer of fifteen years on Count I and three years on Count II, with no mention of the eighty-five percent rule (the latter being the only fact the court considered in isolation); (5) Movant reasonably assumed, as presented by counsel, that this new plea offer was not subject to the application of the eighty-five percent rule; (6) if the new plea offer was subject to the eighty-five percent rule, reasonable counsel would have so informed Movant; and (7) but for plea counsel's failure to adequately advise Movant of the applicability of the eighty-five percent rule to the new plea offer, after having injected that issue into the negotiation process by positively discussing it in the first plea offer,

Movant would have rejected pleading guilty and insisted on proceeding to trial.

Had the trial court made findings of fact on each of these allegations and found that each and every one was true, Movant would be entitled to relief. This is so because, depending upon the context within which it is made, an omission can be considered a misrepresentation. *See Thurman v. State,* 859 S.W.2d 250, 253 (Mo.App.1993) (counsel's omission of essential and relevant facts may, under certain circumstances, amount to a material misrepresentation in reference to statement of facts in appeal of denial of Rule 24.035 motion); *State v. Miller,* 815 S.W.2d 28, 33 (Mo.App.1991) (omissions of fact may be misrepresentations if they cast doubt on the existence of probable cause for the issuance of a search warrant, citing *United States v. Parker,* 836 F.2d 1080, 1083 (8th Cir.1987), *cert. denied,* 486 U.S. 1025, 108 S.Ct. 2002, 100 L.Ed.2d 233 (1988)); *Trimble v. Pracna,* 51 S.W.3d 481, 499 (Mo.App.2001) (silence can be a fraudulent misrepresentation if circumstances impose a duty to speak and the person deliberately remains silent in action for fraudulent misrepresentation). If the omission by plea counsel within the full context within which it should have been disclosed is considered a misrepresentation, as alleged by Movant, then the allegations in the amended motion, if true, would entitle Movant to relief. *See Patterson,* 92 S.W.3d at 216; *Beal v. State,* 51 S.W.3d 109, 112 (Mo.App.2001).

However, the motion court simply narrowed its focus upon the single allegation that plea counsel failed to advise Movant of the applicability of the eighty-five percent rule to the second plea offer without making any findings regarding the context within which that omission occurred. Based upon this limited finding, the motion court erroneously concluded as a matter of law that, even if that single allegation was true, Movant would not be entitled to any relief.

■ "Meaningful appellate review is premised upon sufficiently specific findings of fact and conclusions of law that are responsive to a movant's claims." *Shaw v. State,* 125 S.W.3d 918, 920 (Mo.App.2004) (quoting *Ezell v. State,* 9 S.W.3d 616, 619 (Mo.App.1999)). Rule 24.035(j) mandates that the motion court make findings of fact as to all grounds for relief presented by a movant. "[T]he rule that findings will be implied as consistent with the judgment has no application in post-conviction cases." *Haskett v. State,* 152 S.W.3d 906, 910 (Mo.App.2005). The limited findings of fact by the motion court in the instant case were not responsive to Movant's claim.

■ "The determination that the motion court failed to comply with Rule 24.035 in an order overruling [Movant's] motion does not end the inquiry." *Gaddis v. State,* 121 S.W.3d 308, 312 (Mo.App.2003). We must next determine whether the deficiency requires reversal. *Id.* There are circumstances under which deficiencies in the motion court's findings and conclusions under Rule 24.035 do not warrant reversal:

(1) when the only issue before the court is one of law, findings of fact are not required, if conclusions of law are made; (2) where the motion court conducted a hearing on a post-conviction motion and no substantial evidence was presented to support the allegation upon which the court failed to make findings;

. . . .

[ (3) ] the court fails to "issue a proper conclusion of law on an isolated issue" and it is clear that the movant is entitled to no relief, as a matter of law, and will suffer no prejudice if a remand is denied; [ (4) ] there were issues "that were

not properly raised or are not cognizable in a post-conviction motion;" and [(5)] "the motion itself was insufficient."
*Barnes v. State,* 160 S.W.3d 837, 838 (Mo. App.2005) (quoting *Gaddis,* 121 S.W.3d at 312–13, and *Bowens v. State,* 18 S.W.3d 118, 120 (Mo.App.2000)). None of these exceptions apply in the instant case.

The issue of the full context within which plea counsel failed to advise Movant of the applicability of the eighty-five percent rule to the new (second) plea offer was properly raised by Movant and adequately pleaded in the amended motion. Resolution of that issue required findings of fact on all of the factual allegations raised in the motion necessary to resolve that issue, which may or may not be conclusively determined by the record; and, if found to be true, whether such facts had a prejudicial effect on the voluntariness of Movant's plea.

■ On the record before us and as a matter of law, because there are no findings of fact or conclusions of law on these factual allegations, we cannot engage in a meaningful appellate review of the motion court's judgment under the applicable standard of review. *See* Rule 24.035(k). Therefore, we find it necessary to reverse the motion court's order granting the State's Motion to Dismiss Without an Evidentiary Hearing and remand the case for entry of specific findings of fact and conclusions of law on the specific issue raised by Movant in his amended motion, as required by Rule 24.035(j), and an evidentiary hearing, if necessary, to make such findings and conclusions.

### 4) *Decision*

The judgment of the motion court dismissing Movant's motion for post-conviction relief without an evidentiary hearing is reversed and the case remanded for proceedings not inconsistent with this opinion.

GARRISON and BARNEY, JJ., concur.