Elliott BOTT, Appellant,

v.

STATE of Missouri, Respondent.

No. SD 29918.

Missouri Court of Appeals,
Southern District,
Division One.

March 31, 2010.

Margaret M. Johnston, Columbia, for Appellant.

Chris Koster, Atty. Gen. and John M. Reeves, Asst. Atty. Gen., Jefferson City, for Respondent.

Before BATES, P.J., BARNEY, J., and BURRELL, J.

1. All rule references are to Missouri Court Rules (2009).

2. All statutory references are to RSMo 1994.

## PER CURIAM.

Elliott Bott ("Movant") appeals the motion court's order which dismissed his Rule 24.035 action as moot.[1] In his sole point relied on, Movant maintains the motion court clearly erred in denying his motion "without entering specific findings of fact and conclusions of law on the claims" because "the order of dismissal denying [his] claims is not sufficient to enable meaningful appellate review of his motion." We agree with Movant and reverse and remand this matter for the motion court to comply with the provisions of Rule 24.035(j).

"Appellate review of an order sustaining or denying a motion for [postconviction] relief is limited to a determination of whether the court's findings of fact and conclusions of law are clearly erroneous." *Murta v. State*, 257 S.W.3d 671, 674 (Mo.App.2008); *see* Rule 24.035(k). " 'The findings of the motion court are presumptively correct.' " *Id.* (quoting *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991)). "The clearly erroneous standard is satisfied only if, after a review of the entire record, this Court is left with the definite and firm impression that a mistake has been made." *Id.*

Movant was charged by "Information" on September 11, 1997, with one count of the class C felony of arson in the second degree, a violation of section 569.050.[2] A guilty plea hearing was held on December 4, 1997, at which Movant, pursuant to a plea agreement, entered an *Alford*[3] plea to the crime charged. The plea court read the Information to Movant and Movant indicated he understood the charge against him. The State then set out the factual basis for the charge and Movant confirmed

3. *See North Carolina v. Alford,* 400 U.S. 25, 38–39, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

that he believed, based on the State's evidence, he would be convicted at trial such that his entry of an *Alford* plea was in his best interest. Movant further confirmed he understood the rights he was waiving by entering his plea such as his right to a speedy trial, his right to cross-examine witnesses against him, his right to testify on his own behalf, and his right to the assistance of counsel; he was aware the State had the burden of proving his guilt beyond a reasonable doubt if he went to trial; and he was aware of the terms of his plea agreement and he agreed with those terms. The plea court then accepted his *Alford* plea; suspended imposition of his sentence; placed him on five years of supervised probation; and ordered him to make $5,500.00 in restitution payments.

At some point in 2000, Movant stopped making his required restitution payments; was ordered to serve 120 days of shock incarceration; and was required to complete a 30–day residential treatment program. Thereafter, Movant failed to comply with other terms of his probation and a probation revocation hearing took place on October 4, 2001. At this hearing, Movant's probation was revoked and he was sentenced to serve five years in the Missouri Department of Corrections.

Movant filed a timely *pro se* motion for postconviction relief on January 2, 2002. On December 24, 2002, his appointed counsel filed an "Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence" pursuant to Rule 24.035. In this motion, Movant argued, *inter alia,* that his plea was involuntary, unknowing, and unintelligent due to the fact that the plea court violated Rule 24.02 in that it failed to set out a sufficient factual basis for the plea. Movant also asserted he was denied due process because the plea court was without jurisdiction to find a probation violation in that he was not on probation at the time of the alleged violations due to

the plea court having previously suspended his probation and did not reinstate it; and he maintained his plea counsel was ineffective for failing to advise him of certain consequences relating to the entry of an *Alford* plea.

An evidentiary hearing on this motion was held on May 7, 2009, and at the conclusion of the hearing the motion court took the matter under advisement. The motion court then entered the following order: "[c]omes now the Court [and] finds that this matter is now moot. Movant has completed any periods of incarceration [and] parole, having been discharged on [June 5, 2009, and] has shown no other adverse effects or detriment to him by this conviction. Therefore, case is dismissed as moot." This appeal followed.

■■■ Rule 24.035(j) requires that the motion court "shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." *See also Watts v. State,* 206 S.W.3d 413, 417 (Mo.App.2006). "There is no precise formula to which findings of fact and conclusions of law must conform." *Conway v. State,* 883 S.W.2d 517, 517 (Mo.App.1994). " 'Meaningful appellate review is premised upon sufficiently specific findings of fact and conclusions of law that are responsive to a movant's claims.' " *Johnson v. State,* 210 S.W.3d 427, 431 (Mo.App.2006) (quoting *Ezell v. State,* 9 S.W.3d 616, 619 (Mo.App.1999)). When a motion court fails " 'to provide any findings of fact or conclusions of law, the motion court le[aves] nothing for … meaningful appellate review.' " *Id.* (quoting *Mitchell v. State,* 192 S.W.3d 507, 510 (Mo.App.2006)).

Here, the motion court did not address any of the assertions set out in Movant's Rule 24.035 motion and, instead, dismissed the motion after concluding it was moot, despite the fact that Movant's conviction of the class C felony of second degree arson still stands. As pointed out in the State's

brief, "Rule 24.035 states that a 'person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections' may petition the court for [postconviction] relief.' " The State then correctly states that Rule 24.035 "does not require the movant to still be incarcerated at the time the motion court decides [movant's] case."[4] *See Self v. State,* 774 S.W.2d 576, 578 (Mo.App.1989). Therefore, the State concedes the motion court's dismissal and finding of mootness is in error. However, the State argues the motion court's "denial of [postconviction] relief to Appellant is not clearly erroneous" and that this Court is entitled to sustain the motion court's findings "on any rationale, even one that differs from the rationale of the motion court itself." In that the motion court failed to address the merits of Movant's motion and merely dismissed it, it is difficult for this Court to find anything to meaningfully review when such a review is necessarily " 'premised upon sufficiently specific findings of fact and conclusions of law that are responsive to a movant's claims.' " *Johnson,* 210 S.W.3d at 431 (quoting *Ezell,* 9 S.W.3d at 619). As such, "until the [motion court] has entered proper findings of fact and conclusions of law which are sufficiently specific to allow meaningful appellate review ..." this Court cannot address the merits of the claims raised by Movant. *Barry v. State,* 850 S.W.2d 348, 350 (Mo. banc 1993). Movant's point has merit.

We reverse and remand this matter to the motion court to enter findings of fact and conclusions of law which comply with Rule 24.035(j).

---

4. By contrast, Rule 27.26, the precursor to Rule 24.035, required that a movant be incarcerated in order to petition for postconviction

relief. *See State v. Quinn,* 594 S.W.2d 599, 603 (Mo. banc 1980); *Johnson v. State,* 614 S.W.2d 781, 782 (Mo.App.1981).